JACOB R. HARRIS

*v.*

JOHN S. GALBRAITH *et al.*

| 43 | 309 |
| 148 | 382 |
| 43 | 309 |
| 46a | 419 |
| 43 | 309 |
| 165 | 322 |

1. EQUITY — *will not relieve for failure to make defense at law.* Where a party has a legal defense to an action at law, he must avail himself of it in such suit.

2. EVIDENCE — *parol evidence* — *inadmissible to vary terms of a written contract.* In a suit on a promissory note, parol evidence is inadmissible, to show a cotemporaneous verbal agreement, varying the terms of the note.

3. SAME — *admissible to impeach consideration.* But parol proof may be received to impeach the consideration of a note.

4. ATTORNEY — *when authority of, to prosecute suit, will be presumed.* If, in a suit upon a promissory note, an attorney of this court appears, and has possession of the note sued upon, the inference is, that he has authority to conduct such suit.

5. SAME — *want of authority no ground for equitable relief* — *how and where questioned.* That an attorney had no authority to prosecute the suit at law, affords no ground of equitable relief; such question must be determined in the court of law, and not of equity.

6. CHANCERY — *bill of discovery* — *what must be done before party entitled to.* The question, whether a party is entitled to a discovery, against one who is prosecuting him in an action at law, cannot be determined until he has filed his plea to such action divulging the character of his defense.

7. SAME — *admissions by defendant of no avail.* And, in such case, there being no issue in the action at law, should the defendant admit the allegations of the bill, the complainant could not avail himself of such admissions.

8. SAME — *when no equity appears on face of bill* — *may be dismissed.* It is proper for a court, on its own motion, to dismiss a bill, which, on its face, shows no ground for equitable relief.

APPEAL from the Circuit Court of Adams county; the Hon. JOSEPH SIBLEY, Judge, presiding.

The opinion states the case.

Messrs. J. GRIMSHAW & J. H. WILLIAMS, for the appellant.

Messrs. BUCKLEY, MARCY & HUNT, for the appellees.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was a bill in chancery in the Adams Circuit Court, exhibited by Jacob R. Harris against John S. Galbraith, and John N. Hagood, to enjoin the proceedings at law in a suit commenced by Galbraith, for the use of Hagood, against Harris, in the same court, and for a discovery as to Galbraith.

The defendants were brought in by publication, and a decree *pro confesso* taken as to Galbraith, and a rule upon Hagood to answer. Hagood put in his answer under oath, denying all the equities claimed in the bill, which were alleged to consist in a supposed defense to the note sued on at law, and in the alleged fact, that the action at law was prosecuted without the knowledge or authority of Galbraith, and in the necessity of a discovery from Galbraith, the payee, to enable Harris to defend the action at law.

As we understand it, the note was given by Harris to Galbraith for some negroes purchashed by one Gray, in La Grange, Missouri, where all the parties resided, of Galbraith. That the negroes, in Gray's absence, were delivered to Harris, who executed the note sued on, for the price, with the understanding, that on Gray's return to La Grange, his note of the same tenor and date, should be given to Galbraith in the place of Harris' note, the latter being intended only as a security on a guaranty, that Gray should give his note.

This defense, if available to complainant, was a strictly legal defense, and should have been set up in the action at law. It required no discovery from Galbraith in order to plead it, though it might to prove it. But we are not of the opinion, that the defense was available anywhere, for the reason, that it would be varying a written contract by proof of a verbal agreement made at the same time. This would be in violation of a well known rule of evidence. The contract expressed in

the note is, that the money will be paid at its maturity. This cannot be varied by proof of an agreement, that the note could be discharged by delivering the note of another person.

In *Barge* v. *Dishman*, 5 Blackf. 272, which was a case on a promissory note, and a verbal agreement set up, varying the terms of the note, it was held that the proof was inadmissible.

The rule is concisely stated in *Penny* v. *Graves*, 12 Ill. 287, that parol evidence may be received to impeach the consideration of a note, but not to vary its terms. This case is not unlike the one before us, as the effect of the parol evidence in both is to show that the note sued on for the use of Hagood, although absolute in terms, was in fact conditional, to be delivered up on receipt of Gray's note of the same tenor and amount.

The same rule is recognized in the case of *Harlow* v. *Boswell*, 15 Ill. 56, and in *Fox* v. *Blackstone*, 31 id. 538. Other cases might be cited to the same effect, but it is not necessary. There was nothing in this case going to impeach the consideration of this note, for the negroes were delivered to Harris. Galbraith parted with his property in them on the faith of this note, and it is immaterial to whom the benefit accrued, whether to Harris or to Gray. That matter must be adjusted between them.

Upon the point of authority of the attorney to sue upon the note, that cannot be questioned in a court of equity. This court has recently held, in an unreported case, that it was sufficient, if an attorney of this court appeared in a case and had possession of the note sued on. The inference would be, that he was properly in the case and had authority to conduct the suit. If not, the investigation should be had in the court of law. It is no ground for relief in equity, nor was it so put by complainant's counsel. It was *res inter alios* merely, and not a feature in the case.

It is difficult to say that the complainant had a right to a discovery from Galbraith, as the character of the defense is not divulged. There was no plea to the action at law, and until one is filed, it cannot be certainly known what the defense is, consequently it cannot be determined whether the party is entitled to a discovery or not.

As a bill of discovery against Galbraith, had he made one admitting the allegations of the bill, it would not have helped the complainant, for the reasons we have given. The court could do no otherwise than dismiss the bill, which it did do on its own motion.

The bill, on its face, shows no ground for equitable relief, and it was therefore proper on the hearing to dissolve the injunction and dismiss the bill. The decree must be affirmed.

*Decree affirmed.*