# CASES

IN THE

# SUPREME COURT OF ILLINOIS.

## NORTHERN GRAND DIVISION.*

SEPTEMBER TERM, 1870.

PARKER R. MASON

*v.*

BENJAMIN BURTON.

1. ASSIGNOR AND ASSIGNEE—*liability of the former to the latter—absence of the maker from the State at maturity of the note.* A promissory note was executed in another State, and made payable in this State and assigned in this State, the maker residing in the State where the note was made, at the time of its execution, and continuing so to reside at its maturity: *Held,* the assignor was liable to the assignee in case of non-payment by the maker at maturity, and his liability could be referred either to that clause of the statute which charges the assignor when suit against the maker would be unavailing, or to the clause which makes him liable when the maker has "left the State" when the note becomes due.

---

*Sec. 5 of art. 6 of the new constitution of 1870, provides that "The present grand divisions shall be preserved and be denominated Southern, Central and Northern, until otherwise provided by law."

2. SAME—*laches on the part of the assignee.* Where the liability of an assignor has once attached, it will be released only by such *laches* on the part of the holder in collecting the debt from the principal as would release a surety in any other case.

. 3. So where the assignor is sought to be held liable upon his endorsement because the maker has "left the State" at the maturity of the note, the latter being a resident of another State at that time, it will not avail as a defense that, after the maturity of the note, the maker was frequently in this State and purchased goods here, which could have been attached by the holder and his debt thereby collected. The assignee is not required to resort to such a remedy against the maker in order to hold his assignor liable.

4. PAROL EVIDENCE—*to vary the terms of an assignment.* In an action by an assignee of a promissory note against his assignor, it is not competent for the latter to prove a verbal agreement made at the time of the endorsement to the effect that he should not be responsible as endorser. The legal effect of the written endorsement can not be impaired by proof of a different parol agreement.

APPEAL from the Superior Court of Chicago; the Hon. JOSEPH E. GARY, Judge, presiding.

The opinion states the case.

Mr. EDWARD ROBY, for the appellant.

Our statute fixing the liability of the assignor of a promissory note, in case the maker has "left the State when such assigned note became due," does not apply in a case where the maker resided in another State at the time of the execution of the note, and continued so to reside after its assignment and maturity, although the assignment was made in this State.

Our statute was derived from the States of Virginia, Kentucky and Indiana, and in adopting the statute of another State we adopt the construction put upon it in that State. So in Kentucky it has been held that a person receiving the assignment of a note, knowing that the maker resides out of the State, must be understood as undertaking to pursue him by suit in the country in which he lives. *Brinker* v. *Perry,* 5 Litt. Ky. 194.

This authority is directly in point, for the party was not excused in any case, by the statute; nor is he here, unless the maker has left, which, *ex vi termini*, purports that he has been in the State, else he could not leave.

In Virginia, from whence the Kentucky law sprang, the assignee, having used due diligence to recover the money of the maker, without success, has an implied right to recover against his assignor; and this right was not given by statute, but existed at common law. *Mackie* v. *Davis*, 2 Wash. 219; *Barksdale* v. *Tenwick*, 4 Call, 492; *Mandeville* v. *Riddle*, 1 Cranch, 297; *Yeaton* v. *The Bank*, 4 ib. 49.

In Kentucky, as in Virginia, (in *Mackie* v. *Davis*,) it was decided that the principle upon which the liability of an assignor rests, is a failure of consideration. *Wood* v. *Berthoud*, 4 J. J. Marsh. 304.

And in Indiana, that "the endorser of a note, under our statute, warrants two things: *first*, that the note is valid, and the maker liable to pay it; *second*, that the maker of the note is solvent, and able to pay it." *Howell* v. *Wilson*, 2 Blackf. 418. From these decisions we find the intent of the statute.

It may be deduced from them that where an endorsee takes an assignment of a note with the knowledge that the maker resides in another State, he takes it subject to the burden of seeking his remedy where the maker resides, and our statute does not relieve him of that burden.

In that regard, the assignor warrants, only, that if the maker was in the State at the time the note was made and assigned, he shall not have left the State when it shall be necessary to sue him.

Upon another point: where a promissory note is endorsed in blank, it is competent for the assignor to show, by parol, that it was the agreement he was not to be liable as endorser.

If the contract was written out in form, certainly it ought not to be varied by parol; but, while it rests in parol, and it must be shown where it was done, in order to know what the law permits to be implied in that particular place, while it is held

that the endorsee may write the agreement over the signature by virtue of parol authority, given either in words or mere actions, at the time of the signature—it is certainly competent to prove that no such authority was given, and no such artificial contract was entered into.

This is not varying the terms of a written agreement, but is only proving that no agreement was made, and that it was agreed that none should be written.

This matter of endorsement has been helped out in all sorts of forms by parol, and it rests not in the writing, at all, but in the evidence of intent. *Pike* v. *Street*, Moody & M. 226, Ld. Tenterden; *Wright* v. *Latham*, 3 Murph. 298 N.C.; *Johnson* v. *Martinus*, 4 Halst. 144; *McDonough* v. *Goule*, 8 La. (old style) marg. p. 472 ; vol. 6 (new style) p. 663.

Mr. JOHN P. WILSON, for the appellee.

The maker of the notes sued upon being beyond the limits of the State when the note matured, so that he could not be subjected to our jurisdiction, the liability of appellant, as endorser, became fixed. *Crouch* v. *Hall*, 15 Ill. 264; *Schuttler* v. *Piatt*, 12 ib. 417; *Pierce* v. *Short*, 14 ib. 146; *Lee* v. *Selleck*, 33 N. Y. 615; *Hilborn* v. *Artus*, 3 Scam. 344; *Depuy* v. *Schuler*, 45 Ill. 306; *Olcott* v. *Tioga R. R. Co.* 20 N. Y. 210; *Ruggles* v. *Keeler*, 3 Johns. 262; *Dwight* v. *Clark*, 7 Mass. 515; *Bulger* v. *Roche*, 11 Pick. 39; *Lafonde* v. *Ruddock*, 24 Eng. Law & Eq. 239; *Strithorst* v. *Græme*, 3 Wils. 145; *Benjamin* v. *De Groot*, 1 Denio, 151; *Davis* v. *Garr*, 2 Seld. 124; *Douglass* v. *Forrest*, 4 Bing. 686; *Spragins* v. *Houghton*, 2 Scam. 405.

The evidence offered to vary the legal effect of the assignment in blank, was properly rejected. *Howe* v. *Merrill*, 5 Cush. 82; *Campbell* v. *Robbins*, 29 Ind. 271; *Wilson* v. *Black*, 6 Blackf. 510; *Odam* v. *Beard*, 1 ib. 191; *Blair* v. *Williams*, 7 ib. 132; *Bowers* v. *Headen*, 4 Ind. 318; *Beagles* v. *Sefton*, 7 Ind. 496; *Johnson* v. *McIntosh*, 31 Barb. 270; *Barry* v. *Morse*, 3 N. H. 132; *Goupy* v. *Harden*, 7 Taunt. 159; *Free* v. *Hawkins*, 1 Moore, 535; *Bank of U. S.* v. *Dana*, 7 Pet. 58; *O'Hara* v.

*Hall,* 4 Dallas, 340 ; *The Mont. City Bk.* v. *Albany City Bk.* 8 Barb. 396 ; *Bank of Albion* v. *Smith,* 27 Barb. 491 ; *Thompson* v. *Ketcham,* 8 Johns. 190 ; *Warren* v. *Wheeler,* 8 Met. 99 ; *Atwood* v. *Cobb,* 16 Pick. 231 ; *La Forge* v. *Riskert,* 5 Wend. 187.

Mr. CHIEF JUSTICE LAWRENCE delivered the opinion of the Court:

This was an action brought by Burton as endorsee of two promissory notes, against Mason as endorser. The notes were given by one Hodson, and were payable to the order of Mason, at Chicago, Illinois. It was proven on the trial that the endorsement was made in Chicago, and that when the notes matured Hodson was a resident of the State of Wisconsin. It was then admitted that the notes were made in Wisconsin, and that the maker lived there when they were made, and has lived there ever since.

The counsel for appellant contends that the statute, which makes the endorser liable when the maker has left the State at the maturity of the note, can not apply here, because the maker, not having lived in the State at all, can not be said to have left it. We should not be inclined to give the statute a construction based so completely upon its letter instead of its spirit, even if the question were a new one in this court. But it is not new. In *Schuttler* v. *Piatt,* 12 Ill. 418, the maker of the note, as in this case, resided in Wisconsin, and the court held, if he was beyond the limits of the State at the maturity of the note so that he could not be subjected to our jurisdiction, the liability of the assignor was fixed, the assignee not being obliged to pursue his debtor into a foreign jurisdiction. The court further said, the circumstance that the maker resided in another State, and that this was known to the plaintiff when he received the notes, did not vary the liability.

In that case, it is true, the note was made in Chicago while the maker was casually there, though living in Wisconsin, and

23—54TH ILL.

it may be said he did literally leave the State. But the court does not base its decision upon any verbal niceties, but upon the broad ground that the maker was absent from the State when the note matured, and the assignee was not bound to pursue him into a foreign jurisdiction. It is wholly immaterial whether the liability of the endorser in such a case be referred to that clause of the statute which charges him when suit against the maker would be unavailing, or to the clause which makes him liable when the maker has left the State. He would be liable under either clause. A suit against the maker would be unavailing, because there could be no service of process upon him in our courts, and it can not be supposed the legislature intended the maker should be pursued all over the world, or anywhere beyond the limits of our own State, before charging an endorser on an endorsement made in this State.

That the endorsee should not be required to pursue the maker into a foreign jurisdiction, is clearly shown by the clause establishing the liability of the endorser if the maker should leave the State. The reason why he should be held liable in such an event, is simply because the endorsee ought not to be required to follow him into a foreign jurisdiction; and the reason applies with the same force in all cases where the maker is absent from the State, whether he never lived here or left after making the note. By the phrase in the statute "left the State," the legislature designed simply to indicate the fact of absence, so as to be beyond the reach of legal process. This construction is unavoidable, if the statute was intended to apply to notes made in another State, but assigned in Illinois; and that it does so apply was held by this court in *Crouch* v. *Hall,* 15 Ill. 263, and, we have no doubt, rightly held. But the note in this case was made payable in Chicago, and the liabilities growing out of the assignment are of course the same they would have been if the note had been made there.

It is further insisted in behalf of appellant that he should have been permitted to prove a verbal agreement, made at the time of the endorsement, to the effect that he should not be

responsible as endorser. This evidence was properly excluded. His assignment of the notes meant that, in certain contingencies defined by the statute he would pay the notes, and it meant this as fully as if this agreement had been written out in words. This was the legal effect of the assignment, and it can not be impaired by proof of a different parol agreement. *Howes* v. *Merrill*, 5 Cush. 82 ; *Campbell* v. *Robbins*, 29 Ind. 271. This point has been often ruled, and so far as the cases cited by counsel for appellant tend to show such evidence admissible, they are in conflict with principle as well as the great current of authorities.

Appellant also offered to prove at the trial that, after the maturity of the notes and before the commencement of the suit, the maker of the notes was in Chicago more than thirty times, buying goods and shipping the same to Wisconsin, and that this was known to the plaintiff. It is claimed that, on the ordinary principles which regulate the relation of principal and security with their common creditor, the defendant should be released, the plaintiff having failed to make his debt from the principal when he might have done so. But the liability of the endorser having attached by the failure of the maker to pay at maturity, we are not prepared to say this liability was lost by the mere failure of the plaintiff to attach these goods *in transitu.* In order to attach them, it would have been necessary for the plaintiff to have given bonds, and incurred contingent liabilities which it would be unreasonable to demand as a condition to holding the defendant to a liability which had already become fixed under the statute. The liability of the endorser having once attached, would be released only by such *laches* on the part of the holder in collecting the debt from the principal as would release a surety in any other case ; and such *laches* is not shown in this record.

*Judgment affirmed.*