ROBERT BEATTIE

v.

JOSIAH M. BROWNE, Executor.

PAROL EVIDENCE—*to vary the terms of an indorsement.* Where a promissory note is indorsed in blank, parol evidence is inadmissible, as between the indorser and indorsee, to prove the contract, which was in fact made at the time of the indorsement, and which such blank indorsement was intended to consummate. There is in such case, in legal contemplation, written over the name of the indorser the extent and character of his undertaking, which can not be varied by parol.

APPEAL from the Circuit Court of Will county; the Hon. JOSIAH McROBERTS, Judge, presiding.

Mr. GEORGE S. HOUSE, for the appellant.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was a suit before a justice of the peace in Will county, and taken by appeal to the circuit court. The action was on a promissory note, as follows:

($100)

Six months after date, I promise to pay Mrs. Hofferman, or order, one hundred dollars, value received, with use at 10 per cent per annum.                    A. HOUGHTELLING.

JOLIET, February 10, 1860.

After some credits noted on the back, there is this indorsement:

Pay to the order of C. W. Brandon; and for value received, I guarantee the payment of the same to Chas. W. Brandon.

May 29, 1861.

ROBERT BEATTIE.

Robert Beattie, the indorser, had married the payee, and the suit was brought by the executor of Brandon against Beattie, as indorser.

Judgment was rendered for the plaintiff, to reverse which this appeal is taken by the defendant.

It was admitted on the trial that this writing on the note, over the name of Robert Beattie, was placed there by the plaintiff at the time of the trial before the justice of the peace.

Appellant raises this question : Is parol evidence admissible, as between the indorser and indorsee, to prove the contract which was in fact made at the time of the indorsement, and which such blank indorsement was intended to consummate?

In other words, is it permitted to explain or vary a written contract by parol?

The answer, on general principles, would be in the negative. It is one of the fundamental maxims of the common law that a written contract can not be changed or explained by parol. Some cases, to which reference has been made by appellant's counsel, are to the effect that a blank indorsement, as this is admitted to have been, is not really a written contract, but one resting in parol, and is open to explanation by parol.

We have examined all the cases cited, and can not think the views presented in them on this question are sound or safe. It can not be a parol contract where the payee indorses a note in blank, for there is, in legal contemplation, written over his name, the extent and character of his undertaking, which can not be varied by parol; but the question has been considered and decided several times by this court, the latest being that of *Mason* v. *Burton*, 54 Ill. 349, which was a suit against an indorser in blank. In that case the defendant offered to prove a verbal agreement, made at the time of his indorsement, to the effect that he should not be responsible as indorser. This court held, after an examination of the authorities, that such evidence was properly excluded, and say

his assignment of the notes meant that in certain contingencies, defined by the statute, he would pay the notes, and it meant this as fully as if this agreement had been written out in words. This was the legal effect of the assignment, and it can not be impaired by proof of a different parol agreement. Reference is made to *Homes* v. *Merrill,* 5 Cushing, 82, and to *Campbell* v. *Robbins,* 29 Ind. 271; and the court conclude by saying this point has been often ruled, and so far as the cases cited by the counsel for appellant tend to show such evidence admissible, they are in conflict with principle as well as the great current of authorities.

And we can say the same in this case, in which appellant was held as indorser only, the contract of guaranty having been abandoned on trial.

We have examined the instructions, and find no error in the manner the court disposed of them.

Perceiving no error in the record, the judgment must be affirmed.

*Judgment affirmed.*