JACOB JOHNSON

v.

JOSEPH O. GLOVER.

*Filed at Ottawa June 17, 1887.*

1. INDORSEMENT *by payee, in blank—character of his undertaking.* As a general rule, the name of the payee, appearing on the back of a promissory note, is evidence that he is indorser, and proves that he has assumed the liability of an indorser, as fully as if the agreement were written out in words.

2. It being necessary for the payee of a note to indorse the same, in order to pass the legal title, the law will imply, from his indorsement in blank, only the special contract of indorser, and this although he may make two separate blank indorsements. He does not cease to be payee until he has parted with the note, by indorsement and delivery.

3. PAROL EVIDENCE—*to show the contract of payee indorsing note.* Parol evidence is no more admissible to vary or contradict the contract of the indorser of a promissory note, arising by operation of law from an indorsement in blank by the payee, than any other written contract. Such evidence is proper to establish a trust, or to show the circumstances under which the indorsement was made, as, whether in a transaction negotiating the note, or otherwise, or to prove fraud in obtaining the signature, but not for the purpose of showing that the parties intended a different contract than that implied by the law from their acts. The case of *Worden* v. *Salter*, 90 Ill. 160, in so far as it holds differently, is overruled.

4. PAYMENT—*what constitutes payment—taking up promissory note by agent of maker.* If a person, on or about the maturity of a promissory note, pays the amount thereof to the holder, as the agent of the makers, or either of them, and the holder surrenders the same to such agent, this will be a payment, and such agent can not recover upon such note of the payee, as indorser.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. ELLIOTT ANTHONY, Judge, presiding.

Mr. HENRY W. MAGEE, for the appellant:

Parol evidence should not have been allowed to vary the blank indorsement of the payee, on the back of the note. *Beattie* v. *Brown,* 64 Ill. 361; *Mason* v. *Burton,* 54 id. 359;

*Jones* v. *Albee,* 70 id. 37; *Skelton* v. *Dustin,* 92 id. 52; *Dietrich* v. *Mitchell,* 43 id. 40; *Boynton* v. *Pierce,* 79 id. 146; *Schnell* v. *Planing Mill Co.* 89 id. 582; *Worden* v. *Salter,* 90 id. 165; *Wallace* v. *Gould,* 91 id. 19; *Courtney* v. *Hogan,* 93 id. 104.

The legal title in the note was in the First National Bank of Ottawa, and the indorsement on the note being for collection, merely, and for no other purpose, did not transfer the title. *Best* v. *National Bank,* 76 Ill. 610; *Barker* v. *Prentiss,* 6 Mass. 430; Edwards on Notes and Bills, sec. 203; *Newman* v. *Ravenscroft,* 67 Ill. 496; *Burnap* v. *Cook,* 32 id. 172; *Day* v. *Humphrey,* 79 id. 453; *Caldwell* v. *Lawrence,* 84 id. 161.

Being overdue, was notice of its payment, and even a, *bona fide* holder could not hold the indorsers, when paid at maturity. *Gordon* v. *Warnsey,* 21 Cal. 77; *Gardner* v. *Maynard,* 7 Allen, 456; 2 Daniell on Neg. Inst. sec. 1238; *Shinn* v. *Fredericks,* 56 Ill. 439; *Reichert* v. *Koerner,* 54 id. 307.

The defendant has the right to have the judgment rendered against him in favor of legal holder, so as to bar future recovery as to the instrument. *Burnap* v. *Cook,* 32 Ill. 172.

Payment at or after maturity, to the legal holder, extinguishes the instrument. 2 Daniell on Neg. Inst. (3d ed.) sec. 1233; *Eastman* v. *Plummer,* 32 N. H. 240; *Gueing* v. *Patton,* 51 Wis. 150; *Burr* v. *Smith,* 21 Barb. 262.

Messrs. JAMESON, MARSTON & AUGER, for the appellee:

When the guarantor signs at the time of the giving of the note, the consideration of the note becomes the consideration of the guaranty. 14 Ill. 237; *Rich* v. *Hathaway,* 18 id. 548; *Webster* v. *Cobb,* 17 id. 459; *Parkhurst* v. *Vail,* 73 id. 343.

The indebtedness of Johnson, the guarantor and payee, was a sufficient consideration for the guaranty. *Judson* v. *Goodwin,* 37 Ill. 286; *Munson* v. *Adams,* 89 id. 450; *Boynton* v. *Pierce,* 79 id. 145.

The guaranty on a promissory note is general, and runs with the instrument, and partakes of its negotiability. *Webster* v. *Cobb*, 17 Ill. 459.

The defendant not having filed any affidavit denying the execution of the guaranty, its execution was not in issue, under the pleadings. Rev. Stat. chap. 110, sec. 34.

If the name of a stranger to the note is placed on a promissory note at or before the time of its delivery to the payee, (or, in case of accommodation paper, to the first purchaser,) he is, in the absence of evidence to the contrary, presumed to have assumed the liability of guarantor. And the liability intended to be assumed can be written over the name, and parol evidence given to establish that liability. *Camden* v. *McCoy*, 3 Scam. 437; *Cushman* v. *Dement*, 3 id. 497; *Webster* v. *Cobb*, 17 Ill. 459; *Carroll* v. *Weld*, 13 id. 682; *Boynton* v. *Pierce*, 79 id. 145; *Salter* v. *Worden*, 90 id. 160.

The vital question in this case is this, whether, by parity of reasoning with the preceding cases, when the name of a payee appears on the back of a negotiable instrument twice, the contract of assignment presumed by the law being satisfied by first indorsement, the law entertains any presumption in regard to the second indorsement; and may the contract thus intended to be assumed be explained by parol testimony. We have been unable to find any case in point on this question, though the Supreme Court of our own State say in *Jones* v. *Albee*, 70 Ill. 37, "that it may be shown by parol that the note was indorsed for some special purpose."

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This was assumpsit, by appellee, against appellant, as guarantor of a promissory note executed by Nelson & Bullen to appellant, on the 6th of March, 1883, payable to appellant ninety days after date, for the sum of $1500. Some time after the execution of the note, and before it was due, appellant sold it to Lawrence Carton, at a discount, and then wrote

his name across the back of the note, twice,—the one signa-
ture above the other, with a slight space intervening. Carton
afterwards sold the note, at a discount, to the First National
Bank of Ottawa, and that bank subsequently sent it to the
Union National Bank of Chicago for collection.

Evidence was offered on the trial, and admitted over ap-
pellant's objection, that appellant, at the time he sold the
note to Carton, agreed to guaranty it, and, for that purpose,
wrote his name across the back of the note, twice. We think
this evidence was improperly admitted. The general rule is,
that the name of the payee appearing on the back of the in-
strument is evidence that he is indorser, and proves that he
has assumed the liability of an indorser, as fully as if the
agreement were written out in words. (*Mason* v. *Burton*,
54 Ill. 349 ; *Beattie* v. *Browne*, 64 id. 360 ; *Courtney et al.* v.
*Hogan*, 93 id. 101.) Parol evidence is no more admissible
to contradict or vary this contract than any other written
contract. Such evidence is, of course, admissible to establish
a trust, to show the circumstances under which the indorse-
ment was made,—whether in a transaction negotiating the
instrument, or otherwise,—or to prove fraud in obtaining the
signature, etc. (*Jones* v. *Albee*, 70 Ill. 34.) But it is inad-
missible to show that the parties intended a different contract
than that implied by the law from their acts. (*Courtney* v.
*Hogan*, and other authorities cited *supra*.) *Worden* v. *Salter*,
90 Ill. 160, which asserts a contrary rule, has not been fol-
lowed in subsequent cases, and is now expressly overruled.

But it is contended, there being two signatures, the law
raises a different presumption as to each. No authority is
cited for this contention, and, in our opinion, it is not sup-
ported by reason. It is necessary that the payee shall indorse
the note to transfer it and vest the legal title in the assignee.
But (at least until after it has passed into the hands of the
assignee, and beyond the control of the payee,) his relations
to the note are only those of payee, and the law implies no

contract from his indorsement, but that of indorser. True, from the indorsement of a stranger, the law implies the contract of guarantor; but merely writing the payee's name once across the back of the note, did not make him a stranger to it. He was still the payee when he wrote his name the second time, and the assignment was not complete until the note was delivered to the assignee. The law implied one contract by the indorsement of the payee. If the payee and assignee intended to add another and different one, it should have been written out.

Appellant contended that the note was paid, after maturity, to the Union National Bank, while appellee contended that he purchased it in good faith, without notice, before maturity. There was conflict in the evidence in this respect. Appellant asked the court to instruct the jury as follows:

"The court instructs the jury, for the defendant, Johnson, that if you believe, from the evidence, that the plaintiff, J. O. Glover, about the 7th of June, 1883, paid the amount of the note in controversy to the holder of the same, as the agent of Bullen & Nelson, or either of them, and that the holder of the said note surrendered the same then to the said Glover, as such agent, then and in that case that would be a payment of said note, and you will find for the defendant, Johnson."

But the court refused. We think the instruction should have been given. The same idea is not repeated in other instructions, and appellant was entitled to have it given to the jury. Another instruction was asked, embodying the same principle in more general terms, but the court modified it, and, through haste and inadvertence in interlining, left the language so ambiguous that we can not say the jury could have derived the same idea from it.

The judgments of the Appellate and Superior Courts are reversed, and the cause remanded for further proceedings consistent with this opinion.

*Judgment reversed.*