## JAN KRIZ, IMPLEADED, ETC.

### v

## RAD POKROK, No. 65 C. S. P. S.

*Negotiable Instruments—Principal and Surety.*

1.   The legal effect of a note can not be varied by conversations before its execution.

2.   An agreement without consideration, to give time to the principal, is no defense for the surety.

3.   A court may permit the date of a note to be corrected in a declaration, judgment by confession having been obtained upon the note wrongly described, it being sought to set aside the same.

4.   An affidavit setting forth that a corporation "stated" or "agreed" is valueless.

[Opinion filed November 17, 1892.]

APPEAL from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding.

Messrs. FANNING & HERDLICKA, for appellants.

Messrs. CROSS & JINDRICH, for appellee.

MR. JUSTICE GARY.   Judgment by confession was entered upon a note wrongly described in the declaration as dated in 1892, instead of 1890.   The court below permitted the date to be corrected.   There was no error in that.   Carpenter v. First Nat. Bank, 19 Ill. App. 549; 119 Ill. 352.

All other grounds for disturbing the judgment are based upon affidavits stating that the plaintiff (appellee) "stated" or "agreed" as alleged in the affidavits.   Such affidavits are of no value.   The reasons are fully set forth in Schultz v. Plankinton Bank, 40 Ill. App. 462.   The appellee's name can hardly be that of an individual, and therefore it must be presumed to be the name of a corporation.   Clark v. Ætna Iron Works, 44 Ill. App. 510.   But if the affidavits were considered, no defense is shown.

The legal effect of the note can not be varied by conversations before its execution.  Harris v. Galbraith, 43 Ill. 309; Miller v. Wells, 46 Ill. 46; Beattie v. Browne, 64 Ill. 360; Mason v. Burton, 54 Ill. 349.

An agreement, without consideration, to give time to the principal, is no defense for the surety.  Brandt on Suretyship and Guaranty, Sec. 342; Price v. Dime Savings Bank, 124 Ill. 317.

The judgment is affirmed.

*Judgment affirmed.*