WALTER C. HATELY

*v.*

ADOLPH PIKE.

° *Filed at Ottawa June 13, 1896.*

1. BILLS AND NOTES—*note of corporation—when word "president" is mere description.* A note of a corporation payable to the order of "A. P., President," is not payable to the order of the corporation, but the word "president" is mere *descriptio personæ*, and the note is payable to the president individually, and endorsement of his name on the back thereof, followed by the word "president," is his individual endorsement. ·

2. EVIDENCE—*parol explanation of intention with which endorsement was made.* Parol evidence that one who has endorsed his name upon the back of a note payable to his order as president of the corporation maker, both with the word "president" attached and without it, in making the latter endorsement intended and agreed to guarantee the note, is incompetent.

3. SAME—*double endorsement by president of corporation—parol evidence.* If a note of a corporation payable to the order of its president is to be regarded as payable to its own order, the writing of the individual name of such president upon the back in addition to his name followed by the word "president," has the effect of rendering him liable as second endorser, and parol evidence is inadmissible to show that his contract was that of guarantor.

4. APPEALS AND ERRORS—*when reversal without remanding is proper.* The reversal without remanding, by the Appellate Court, of a judgment against one sued as guarantor upon a note, is not error, where the defendant is liable only as endorser, and the declaration is insufficient to charge him as such.

*Pike v. Hately*, 62 Ill. App. 387, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. ABNER SMITH, Judge, presiding.

BURHANS & HILL, for appellant:

The law as to an endorsement of any person other than a payee is given by this court in *Kingsland* v. *Koeppe*, 137 Ill. 316, in which this court says: "Where a person who is not a party to a promissory note places his name

on the back thereof, a different question arises. In such case the rule long established in this State is, that it may be shown by parol evidence what liability is intended to be assumed,"—citing *Boynton* v. *Pierce*, 79 Ill. 145; *Eberhart* v. *Page*, 89 id. 550; *Stowell* v. *Raymond,* 83 id. 120; *Bank* v. *Nixon*, 125 id. 618.

The blank endorsement was authority to plaintiff to write over his signature anything that was consistent with the defendant's undertaking. *Croskey* v. *Skinner*, 44 Ill. 321; *Boynton* v. *Pierce*, 79 id. 145.

JESSE COX, for appellee:

In Illinois the addition of a title, like that of "President," to a signature is a mere description of the person, and such addition to the signature does not make the instrument the act of a corporation, nor exempt the signer from personal responsibility thereon. *Powers* v. *Briggs*, 79 Ill. 493; *Chadsey* v. *McCreery*, 27 id. 252; *Stobie* v. *Dills*, 62 id. 432; *Cahokia* v. *Rautenberg*, 88 id. 209; *Hypes* v. *Griffin*, 89 id. 134; *McNeil* v. *Lithographing Co.* 144 id. 238.

Parol evidence is not admissible to show that it was the intention not to bind the party thus signing his name. *Stobie* v. *Dills*, 62 Ill. 432; *Hypes* v. *Griffin*, 89 id. 134.

The fact that a note is given for the indebtedness of a corporation does not alter this rule. *Powers* v. *Briggs*, 79 Ill. 493.

Mr. CHIEF JUSTICE MAGRUDER delivered the opinion of the court:

This is an action, commenced on February 5, 1895, by appellant against appellee upon an alleged guaranty by appellee of a promissory note. The note is as follows:

"$10,000.00          CHICAGO, *September 17, 1892.*

"Two (2) years after date, for value received, the Exposition Depot and Hotel Company promises to pay to the order of Adolph Pike, President, the principal sum of ten thousand dollars in gold coin of the United States of America, with interest thereon at the rate of seven (7) per cent per annum, payable

semi-annually on the 17th days of March and of September, according to the tenor of and as evidenced by the four interest notes or coupons hereto annexed. Both principal and interest are payable at the office of Cooper & Burhans, Chicago, Illinois. This note is secured by a trust deed of even date herewith, to William D. Cooper, on real estate in Chicago, Cook county, Illinois, and is to bear interest at the rate of seven per cent per annum, after maturity.

THE EXPOSITION DEPOT AND HOTEL CO.
ADOLPH PIKE, *President.*
ELI BRANDT, *Secretary.*"

The following are the indorsements on said note:

"Pay to the order of Walter C. Hately.
ADOLPH PIKE, *President.*"

"For value received, I hereby guarantee the payment of this note, and interest at maturity, or any time thereafter.
ADOLPH PIKE."

It is conceded, that the words of guaranty were not on the note when appellee put his name on the back of the note, but that they were written over his name at the time of the trial. It is also conceded that the words: "Pay to the order of Walter C. Hately," were written over the signature of "Adolph Pike, President," at the time of the trial. It appears that Pike in behalf of the Exposition Depot and Hotel Company, of which he was the president, negotiated a loan from Hately through Cooper & Burhans. To secure the loan the company gave a mortgage or trust deed to W. D. Cooper, and, as additional security and a further consideration for making the loan, Pike was required to personally endorse the notes evidencing the loan. After applying the proceeds of the sale realized from the foreclosure of the trust deed, and a further payment made by Cooper as receiver, appellant brought this suit to recover the unpaid balance due upon the note.

The trial in the circuit court was before the judge and a jury, and resulted in verdict and judgment in favor of the plaintiff. Upon appeal to the Appellate Court, the latter court reversed the judgment without remanding the

cause and entered judgment for the appellee here, appellant there. The present appeal is prosecuted from the judgment of reversal so entered by the Appellate Court.

Upon the trial of the case, the court permitted the plaintiff, against the objection and exception of the defendant, to introduce parol testimony for the purpose of showing that the defendant, in writing his name upon the back of the note, intended and agreed to guarantee its payment. ' The court gave the following instruction on behalf of the plaintiff:

"The court instructs the jury, if they are satisfied, from the evidence, that the defendant was required to write or endorse his name thereon as a guarantee thereof before the plaintiff or person taking the same would advance the money borrowed thereon, such endorsement or writing of his name thereon by the defendant amounts to a legal guarantee of the said notes, and the plaintiff or holder had the right to write over such signature the words of guaranty appearing on this note, such writing or endorsement before delivery being a guarantee of the said note."

The defendant asked the court to give the following instruction except the last clause thereof which is in italics; but the court refused to give the instruction as asked, and modified it by adding said clause in italics, and then gave it as so modified and as follows:

"The jury are instructed that when a person places his name upon the back of a note below the signature of the payee thereof, the contract that such person thereby undertakes is a contract of endorsement. The liability thus created by such contract of endorsement is *other and different from that of a contract of guaranty such as is expressed by the words on the back of the note in question in this case, written above the signature of the defendant;* and the jury are instructed that the mere placing of the defendant's name by defendant on the back of said note did not constitute a contract of

guaranty, nor did it authorize the plaintiff or his agents to place above the signature of the defendant upon the back of said note the words of guaranty which now appear thereon, *unless you shall find, from the evidence, that defendant put his signature upon the back of said note for the purpose of guaranteeing the payment thereof.*"

It is assigned as error, that the trial court permitted the introduction of the oral testimony above referred to, and that it gave the instructions above set forth. We think that it was error to admit the oral evidence, and also that the instructions in question were erroneous as applied to the facts of this case.

*First*—It is contended by appellant, that the note in question is payable to the order of the corporation, the Exposition Depot and Hotel Company, and that the first endorsement is that of said company. On the other hand, it is contended by appellee that the note is payable to the order of Adolph Pike, and that both endorsements are by Adolph Pike. The solution of the question depends upon the meaning which is to be given to the word, "President," written after the name of Adolph Pike in the body of the note and in the first endorsement thereon. The note is payable to the order of "Adolph Pike, President." If the word, "President," is to be regarded as the designation of the corporation itself, by the use of the name of its official head in his official capacity, then the note must be regarded as being payable to the order of the company. In *Falk* v. *Moebs*, 127 U. S. 597, it was held that a note made by the "Peninsular Cigar Co." payable to the order of "George Moebs, Sec. & Treas." and endorsed: "Geo. Moebs, Sec. & Treas." was a note drawn by, payable to and endorsed by the corporation. This ruling, however, is opposed to the decisions in this State and in several other States.

Under the decisions in Illinois the word, "President," as here used is to be taken as a mere *descriptio personæ.* This view makes the note payable to the order of Adolph

Pike individually, and makes the first endorsement that of Adolph Pike individually.

In *Chadsey* v. *McCreery*, 27 Ill. 253, appellant, Chadsey, commenced an action of assumpsit against appellee, Mc-Creery, on a note payable to "James G. McCreery, treasurer of the Rock Island and Alton Railroad Company;" and we said: "The note is made payable to the appellee, who is described to be the treasurer of the Rock Island and Alton Railroad Company. It is mere description of the person." (See, also, *Powers* v. *Briggs,* 79 Ill. 493; *Hypes* v. *Griffin,* 89 id. 134; *Village of Cahokia* v. *Rautenberg,* 88 id. 219; *Vater* v. *Lewis,* 36 Ind. 288). Mr. Daniel in his work on Negotiable Instruments, (4th ed. vol. 1, sec. 415), says: "If a note be payable to an individual with the mere suffix of his official character, such suffix will be regarded as mere *descriptio personæ,* and the individual is the payee." It is also said in section 416 of the same work: "Where a note is payable to a corporation by its corporate name, and is then endorsed by an authorized agent or official, with the suffix of his ministerial position, it will be regarded that he acts for his principal who is disclosed on the paper as the payee, and who therefore is the only person who can transfer the legal title." Section 16 would be applicable to the case at bar, if the note here was payable to the order of the Exposition Depot and Hotel Company, and then endorsed by "Adolph Pike, President." The note in question is not, however, payable to the corporation by its corporate name; nor was the note in *Falk* v. *Moebs, supra,* payable to the corporation by its corporate name, although the doctrine announced in said section 416 seems to be relied upon for the conclusion reached by that case.

In view of the rulings heretofore made by this court, we are inclined to hold that the word "President," following the name of "Adolph Pike" in the body of the note, is a mere *descriptio personæ,* and that the individual, Adolph Pike, is the payee named in the body of the note. The word "President" following the name of Adolph Pike in

the first indorsement upon the back of the note must also be regarded as *descriptio personæ,* and the first indorsement is that of the individual, Adolph Pike.

It results, that we here have a case where the payee has written his name upon the back of the note twice, and the doctrine of *Johnson* v. *Glover*, 121 Ill. 283, is precisely applicable. In that case, where the suit was against the defendant as alleged guarantor of a note payable to his own order, which he had sold before its maturity and upon the back of which he had written his name twice, "the one signature above the other with a slight space intervening," we held, that evidence offered to show, that the appellant in that case, who was the payee in the note and the defendant below, agreed to guarantee the note when he sold it and for that purpose wrote his name across the back of the note twice, was improperly admitted; and we there said (p. 286): "The general rule is, that the name of the payee appearing on the back of the instrument is evidence that he is indorser, and proves that he has assumed the liability of an endorser as fully as if the agreement were written out in words. (*Mason* v. *Burton*, 54 Ill. 349; *Beattie* v. *Browne*, 64 id. 360; *Courtney* v. *Hogan*, 93 id. 101). Parol evidence is no more admissible to contradict or vary this contract than any other written contract. * * * But it is contended, there being two signatures, the law raises a different presumption as to each. No authority is cited for this contention, and, in our opinion, it is not supported by reason."

As parol evidence was improperly admitted to contradict appellee's contract as indorser and to show that he made a contract as guarantor, the instructions which authorized the jury to find from such evidence, whether or not the appellee put his signature upon the back of the note for the purpose of guaranteeing its payment, were improperly given.

*Second*—If, however, the note here in question should be regarded as payable to the order of the Exposition

Depot and Hotel Company, then it is a note made by the maker thereof payable to its own order. Where a note is payable to the order of the maker of it, it has no validity until it is endorsed and transferred by the payee, who is at the same time the maker; and, in such case, "the person writing his name in blank upon the note understands that, when the note takes effect, his name will appear upon it as a second endorser." Where the maker and payee thus puts his name upon the back of the note, he intends to assume the responsibility of second endorser, and not of guarantor. (*Blatchford* v. *Milliken,* 35 Ill. 434; *Kayser* v. *Hall, Admr.* 85 id. 511; *Bogue* v. *Melick,* 25 id. 91). And "an authority to fill out an undertaking over a signature is to be exercised consistently with the nature of the instrument and the intention of the parties." (*Blatchford* v. *Milliken, supra*).

Where the contract is that of an endorser, parol evidence is not admissible to alter or vary the liability created by such contract, by showing that it was a contract of guaranty, or that it was any other kind of a contract than one of endorsement. And this is true, whether the endorsement consists merely of the endorser's signature, or whether the agreement imported by the signature is written over it in full. The presence and position of the endorser's signature upon the instrument "are as plain a manifestation of the intention of the party as if it were set forth in express words, and parol evidence should not be admitted to vary or contradict it." (1 Daniel on Neg. Inst.—4th ed.—sec. 717). The case of *Worden* v. *Salter,* 90 Ill. 160, resting mainly upon the case of *Croskey* v. *Skinner,* 44 Ill. 321, and holding that parol testimony could be introduced for the purpose of proving that the contract indicated by a blank endorsement by the payee of a note was intended by the payee to be a contract of guaranty, was expressly overruled in *Johnson* v. *Glover, supra.* In the latter case, we said (p. 286): "It is necessary that the payee shall endorse the note to transfer

it and vest the legal title in the assignee. But (at least until after it has passed into the hands of the assignee, and beyond the control of the payee) his relations to the note are only those of payee, and the law implies no contract from his endorsement but that of endorser. * * * If the payee and assignee intended to add another and different one, it should have been written out." To the same effect are *Skelton* v. *Dustin*, 92 Ill. 49; *Mason* v. *Burton*, 54 id. 349; *Jones* v. *Albee*, 70 id. 34; *Beattie* v. *Browne*, 64 id. 360; *Courtney* v. *Hogan*, 93 id. 101; *Finley* v. *Green*, 85 id. 535; *Kingsland* v. *Koeppe*, 137 id. 344; *Martin* v. *Cole*, 104 U. S. 30.

The case at bar is to be clearly distinguished from those cases, in which a third party or stranger to the note places his name upon the back of the note before it has come into the hands of the payee of the note. A person, who is not a party to a promissory note which is to become a valid obligation against the maker upon its delivery to the payee, by writing his name in blank upon the note, is presumed to assent to the obligation of a guarantor. (*Blatchford* v. *Milliken, supra*, and cases there cited). And this presumption, that a party not the payee, who places his name on the back of a note before its delivery to the payee, is a guarantor, may be rebutted by parol evidence. In case of such endorsement by a third person under such circumstances it may be shown by parol what the real contract was, whether of endorsement, or of guaranty. (*Carroll* v. *Weld*, 13 Ill. 682; *Webster* v. *Cobb*, 17 id. 459; *Stowell* v. *Raymond*, 83 id. 120; *Eberhart* v. *Page*, 89 id. 550; *Kingsland* v. *Koeppe, supra*).

Confusion has arisen in some of the reported decisions by failing to limit the right thus to introduce parol testimony to cases where it is sought to rebut the presumption of a guaranty arising from the endorsement of a note by a stranger before delivery to the payee. The general remarks in *DeWitt County Nat. Bank* v. *Nixon*, 125 Ill. 615, must be understood as referring to a case where the name

of the third party is placed upon the back of the note before its delivery to the payee.

In *Bigelow* v. *Colton,* 13 Gray, 309, a suit was brought upon a promissory note given by one Hurlbut to the order of himself. Hurlbut endorsed the note first, and then the defendant, Colton, endorsed it. It was attempted to be shown by parol evidence that Colton was a joint maker, but it was held that the evidence was inadmissible. In that case the court said: "This case does not fall within that anomalous class of cases where a third person, neither maker nor payee, puts his name on the back of a note before its endorsement by the payee, but is the ordinary case of an endorsement of a note payable to bearer, the effect of which cannot be varied by parol proof." (See, also, *Lake* v. *Stetson,* 13 Gray, 310; *Prescott Bank* v. *Caverly,* 7 id. 217).

It follows, that the admission of the oral testimony to establish a contract of guaranty in the case at bar was equally as erroneous if the note be regarded as a note made by the hotel company payable to its own order, as it was upon the theory that the note was payable to the order of appellee as an individual. The doctrine announced in the first instruction, that endorsement before delivery is a guaranty of the payment of the note, is clearly inapplicable to a note payable to the order of the maker.

It is said, however, that the Appellate Court erred in reversing the judgment of the circuit court without remanding the cause and entering judgment for appellee here, who was appellant there. The general rule laid down by this court is, that, if the Appellate Court reverses a judgment of the trial court on account of any erroneous ruling on any question of law that arose on the trial, the cause should be remanded for another trial where the errors may be obviated. (*Siddall* v. *Jansen,* 143 Ill. 537). But, here, the declaration seeks to charge the appellee upon a contract of guaranty, whereas there was no contract of guaranty, but a contract of endorsement.

To hold appellee liable as endorser, it would have been necessary to show that suit had been begun and prosecuted against the maker of the note, or that such suit would have been unavailing, but no such proof was introduced by appellant, or could have been introduced under the declaration. It is apparent that, upon a remandment of the cause, there could be no recovery by the plaintiff. Hence, nothing could be gained by sending the case back for a new trial. This being so, we cannot see that appellant was injured by the judgment of reversal as entered.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*