## E. G. Shinner, Appellant, v. William H. Raschke, Appellee.

### Gen. No. 24,676.

1. BILLS AND NOTES, § 431*—*when parol evidence inadmissible as attempt to change terms of note.* In an action upon a promissory note, in the usual form and unconditional in its terms, testimony of the maker that it was given for stock in a corporation upon an agreement that it was to be paid out of the profits of the business, and, if the business was unsuccessful, was to be canceled, was inadmissible as an attempt to change the terms of a written instrument.

2. JUDGMENT—*when by confession reinstated after vacation.* Where, after judgment by confession in an action on a promissory note, the court, on motion of defendant based upon an inadmissible defense, set aside the judgment and permitted defendant to plead, and on trial judgment was rendered in his favor, all proceedings subsequent to the petition to vacate the judgment by confession should be set aside and said petition denied, leaving the judgment by confession to stand as the judgment in the case.

Appeal from the Superior Court of Cook county; the Hon. HUGO PAM, Judge, presiding. Heard in this court at the October term, 1918. Reversed and remanded with directions. Opinion filed March 10, 1919.

MAYER, MEYER, AUSTRIAN & PLATT, for appellant.

LITSINGER, HEALY & REID, for appellee; JAMES J. FINN, of counsel.

MR. JUSTICE McSURELY delivered the opinion of the court.

On November 21, 1916, plaintiff obtained a judgment for $867 by confession on a note for $800 given him by the defendant. Subsequently defendant moved the court to set aside the judgment and for leave to plead, and was permitted to plead and the judgment ordered to stand as security. Defendant then filed a

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

plea of general issue and a special plea substantially restating the grounds set forth in his motion for leave to plead. Replications to these pleas were filed, and the cause tried before a jury which returned a verdict favorable to the defendant. The court denied a motion in arrest of judgment, and judgment of *nil capiat* was entered upon the verdict.

The substance of defendant's motion to set aside the judgment and for leave to plead, and also of his general and special plea, was that plaintiff and defendant had formed a corporation for the manufacture of sausage, of which the defendant was to be president and manager; that defendant purchased ten shares of stock from plaintiff, for which the note in question was given, but that there was a parol agreement that the note should be paid out of the profits of the business; that the stock bought by defendant was to be held by plaintiff as collateral to the note, but that if the business should not prove a success plaintiff would keep the stock and cancel the note.

Upon the trial evidence was heard tending to support this defense, but on consideration of the entire evidence, including that which is incompetent, we are of the opinion that the alleged parol agreement failed of proof.

The note is in the usual form and is unconditional in its terms, and we are of the opinion that defendant's testimony was inadmissible as an attempt to change the terms of the written instrument. The objection to this testimony should have been sustained. It also follows that the motion in arrest of judgment should have been allowed. Among the cases supporting our opinion as to the inadmissibility of this evidence are: *Schultz v. Meyer,* 181 Ill. App. 335; *Harris v. Galbraith,* 43 Ill. 309; *Moore v. Prussing,* 165 Ill. 319; *Foy v. Blackstone,* 31 Ill. 538; *Marlow v. Boswell,* 15 Ill. 56; *Kris v. Pokrok,* 46 Ill. App. 418; *Beattie v. Browne,* 64 Ill. 360; *Mason v. Burton,* 54 Ill. 349.

In consideration of what is held in the above cases

we are of the opinion that the original petition filed by defendant for leave to plead set up an inadmissible defense and that the motion should have been denied. We hold, therefore, that all the proceedings subsequent to that motion should be vacated and set aside, leaving the judgment of November 21, 1916, to stand as the judgment in the case. The judgment of *nil capiat* entered on the verdict of the jury will therefore be reversed and the cause remanded with directions to vacate all proceedings subsequent to the petition to set aside the judgment, filed December 18, 1916, and that the motion contained in said petition be denied.

*Reversed and remanded with directions.*