## William H. Schrader, Appellee, v. Frank Heflebower et al., Defendants. Fernandus Jacobs, Appellant.

### Gen. No. 7,719.

1. NEGOTIABLE INSTRUMENTS—*reservation in note as affecting liability of surety where extension granted.* Under Cahill's St. ch. 98, ¶ 141, subd. 5, providing surety on a note is discharged if without his consent holder extends time to principal debtor unless right of recourse against surety is expressly reserved, the words ''no extension of the time of payment, with or without our knowledge, by receipt of interest, or otherwise, shall release us, or either of us, from the obligation of payment'' in the note signed by surety, constitute such a reservation and an extension by the principal for a consideration does not discharge the surety.

2. CONFESSION OF JUDGMENT—*judgment after reopening.* Where a judgment by confession has been opened and on trial the issues are found for the plaintiff the proper practice is to restore the judgment by confession and not to enter an independent judgment.

Appeal by defendant from the Circuit Court of Whiteside county; the Hon. NELS A. LARSON, Judge, presiding. Heard in this court at the October term, 1926. Affirmed. Opinion filed December 17, 1926. Rehearing denied January 10, 1927.

VAN SANT & BESSE and CARL E. SHELDON, for appellant.

JACOB CANTLIN, J. J. LUDENS and LAWRENCE L. WINN, for appellee.

MR. PRESIDING JUSTICE PARTLOW delivered the opinion of the court.

A judgment by confession for $6,864.50 was entered in the circuit court of Whiteside county in favor of appellee, William H. Schrader, against Frank Heflebower and appellant Fernandus Jacobs. On motion of appellant, Jacobs, the judgment was opened as to

him with leave to plead. He filed the general issue with notice thereunder that appellant signed the note in question as surety for Heflebower which appellee knew; that appellant received no part of the money, and does not owe appellee any money; that when the note was due, appellee and Heflebower, without the knowledge and consent of appellant, extended the time of payment for one year for which Heflebower paid appellee $100. There was a trial by jury. At the close of the evidence, the court directed a verdict in favor of appellee for $6,864.50. Judgment was entered upon the verdict and appellant has appealed.

Appellant contends that the evidence shows that when he signed the note, Heflebower told appellant, in the presence of appellee, that appellee wanted appellant to sign the note as security for Heflebower, and appellant said he would do so, and he did sign the note and turned it over to appellee; that when appellant affixed his name as surety, and appellant accepted a note with that understanding, knowing the capacity in which appellant intended to and did in fact sign the note, that appellee was estopped from asserting that appellant was a principal notwithstanding the clause in the note which so recited; that appellant did not get any of the money for which the note was given, never paid anything on the note, was not a partner of Heflebower and did not sign as a partner; that the note was given by Heflebower to appellee for grain which Heflebower had bought from appellee; that after the note became due, without the knowledge of appellant, Heflebower paid appellee $100 to extend the note for one year; that if appellee is estopped to deny that appellant was a surety, then this extension of time would defeat a recovery as against appellant, and the court should not have instructed the jury to return a verdict for appellee.

The note does not appear in full in the abstract.

The provisions of the power of attorney are omitted. The judgment might be affirmed on the ground that the abstract does not comply with the rules of this court, does not show all of the evidence, and that in the absence of all of the evidence we will assume that it sustains the judgment.

Appellee's brief sets out the note in full. It recites that "all signers to this note are principals. No extension of the time of payment with or without our knowledge, by receipt of interest, or otherwise, shall release us or either of us from the obligation of payment."

Article 8, section 119, paragraph 5, of the Negotiable Instruments Act [Smith's Statutes 1925, page 1768; Cahill's St. ch. 98, ¶ 141, subd. 5] provides that a person secondarily liable on a note is discharged "by an agreement in favor of the principal debtor binding upon the holder to extend the time of payment, or to postpone the holder's right to enforce the instrument, unless made with the assent prior or subsequent of the party secondarily liable, or unless the right of recourse against such party is expressly reserved, or unless the principal debtor be an accommodating party."

The note expressly provides that "no extension of the time of payment, with or without our knowledge, by receipt of interest, or otherwise, shall release us, or either of us, from the obligation of payment." Appellant signed the note with full knowledge that it contained this provision and it will be presumed that he understood the meaning of the language used. He had a perfect right to sign the note with that provision in it if he saw fit. By so doing he waived his right under the statute to notice as the party secondarily liable. If he waived the right to notice then appellee had a right to extend the time of payment even if he received a consideration therefor. For this

reason the court was not in error in directing a verdict against him.

It is insisted that as there was a judgment of record by confession for the amount due, the jury should simply have returned a verdict in favor of appellee; that the judgment must follow the verdict; that the verdict was erroneous and no judgment could be entered upon it. The verdict was in favor of appellee for $6,864.50. The order was that the judgment entered by confession on January 6, 1926, for $6,864.50, stand in full force and effect as of that date. Where a judgment by confession has been opened and a trial had, and the issues found for the plaintiff, the proper practice is to restore the judgment by confession and not enter an independent judgment. *Shinner v. Raschke*, 213 Ill. App. 324; *Morris v. Taylor*, 199 Ill. App. 588; *Cervenka v. Hunter*, 185 Ill. App. 547. The judgment as entered was in accordance with the rule laid down in these cases and was correct.

We find no reversible error and the judgment will be affirmed.

*Judgment affirmed.*