Quinlan v. Badenoch.

---

### Ella C. Quinlan v. John J. Badenoch.

78    481
104    ²423

1. Bill of Exceptions—*Improper Statement of Evidence in.*—A bill of exceptions which does not preserve the evidence, but states generally that there was evidence introduced tending to prove, among other things, that the plaintiff voluntarily consented to an arrest and detention, and evidence tending to sustain each and every contention as to fact by plaintiff or defendant, as embodied by implication in the instructions of the court, is improperly framed so far as questions arising upon the evidence is concerned.

2. Instructions—*Reversible Error in.*—It is not every error in an instruction which will justify a reversal and a new trial. It must appear that the error was prejudicial and that substantial justice has not been done.

3. Arrests—*Authority to Make.*—Authority to arrest a person when a criminal offense has, in fact, been committed, and the officer making the arrest has reasonable ground for believing that the person arrested has committed it, is given by Section 342 of the Criminal Code.

Trespass, for false imprisonment. Trial in the Superior Court of Cook County; the Hon. Arthur H. Chetlain, Judge, presiding. Verdict and judgment for plaintiff. Appeal by defendant. Heard in the Branch Appellate Court at the March term, 1898. Affirmed. Opinion filed October 31, 1898.

RUFUS COPE and W. A. LEMMA, attorneys for appellant.

CHARLES S. THORNTON, corporation counsel, and FRANK HAMLIN, attorneys for appellee.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

This is an action brought to recover damages from the appellee, charging that, as chief of police of Chicago, he imprisoned the appellant without authority of law, and against her will, for a long space of time, to wit, three weeks.

The defense pleaded, first, not guilty; second, justification; and third, that appellant consented to the arrest and detention.

The bill of exceptions does not preserve the evidence, but states generally that there was evidence introduced tending to prove, among other things, " that the plaintiff voluntarily consented to said arrest and detention, and evidence tending to sustain each and every contention as to fact by plaintiff or defendant, as embodied by implication in the instructions of the court."

After a trial, extending over a period of more than two weeks, the jury returned a verdict finding the appellee not guilty. It is sought to set aside this verdict and obtain a new trial, not upon any claim that it was not justified by the evidence, nor even that appellant was in any way prejudiced by instructions which are complained of, but because it is claimed that certain instructions as given by the court do not accurately state, when carefully analyzed, and the phraseology of separate instructions combined, a correct principle of law.

It is not every error in an instruction which will justify a reversal and a new trial. It must appear that the error was prejudicial, and that substantial justice has not been done. Dacey v. The People, 116 Ill. 576, and cases there cited.

The Supreme Court says in the above mentioned case: " The position assumed by counsel is that if error is found

in the instructions, the judgment must then be reversed, whether such error operates to the prejudice of the defendant or not. Such is not the law."

In this case it is contended that substantially the same statement as to the law relating to the right to arrest and imprison without a warrant, made in an instruction complained of by appellant, is contained in one of the instructions asked for and given in his behalf, and the contention appears to be well founded.

It is, we think, true, that the instructions in question may be open to some criticism; but it does not appear, and from a careful examination we can not perceive, that the alleged error was prejudicial to the appellant.

The bill of exceptions states that there was evidence that one Holmes had committed certain murders, and that information came daily to the appellee during the entire time appellant was in custody, to the effect that the plaintiff was guilty as accessory before the fact, of such murders and other felonies. An accessory before the fact to the crime of murder "shall be considered as principal and punished accordingly." (Sec. 274 Criminal Code, Rev. Stat.) Such a criminal offense is a felony, and in the presence of such evidence, and without the full evidence before us, we can not say that appellee was not justified in making the arrest without a warrant. Section 342, Criminal Code, Rev. Stat., gives authority to so arrest when a criminal offense has in fact been committed and the officer has reasonable ground for believing that the person arrested has committed it.

If, as stated in the bill of exceptions, there was "evidence tending to prove that the plaintiff voluntarily consented to said arrest and detention," and the jury believed such evidence, it is difficult to see upon what ground they could justly allow damages therefor.

Upon this record it does not appear that the verdict and judgment in favor of the appellee were not properly rendered and that substantial justice has not been done.

The judgment of the Superior Court is affirmed.