## E. P. Hodgkins v. Willis D. Smith et al.

1. EVIDENCE—*Refreshing Recollection of Witness by Reference to Original Entries.*—It is not error to refresh the recollections of witnesses by allowing them to refer to entries made by themselves in due course of business on the books of their firm by reference to such original entries.

2. INSTRUCTIONS—*Not Every Error Will Justify a Reversal.*—It is not every error in an instruction that will justify a reversal. Where the error is not prejudicial and substantial justice has been done the judgment will be affirmed.

Claim in Probate.—Appeal from the Circuit Court of Cook County; the Hon. EDWARD F. DUNNE, Judge presiding. Heard in the Branch Appellate Court at the October term, 1901. Affirmed. Opinion filed December 16, 1902.

JAMES HARVEY HOOPER, attorney for appellant.

FRANK P. LEFFINGWELL and JOHN SCHWENDER, attorneys for appellees.

MR. JUSTICE FREEMAN delivered the opinion of the court.

Appellant filed a claim in the Probate Court against the estate of E. P. Griswold, deceased, of which appellees are executors. It is based upon an alleged guaranty said to have been written by appellant in the name of the firm of which he was a member upon a note as follows:

"228.00.                         CHICAGO, Jan. 16, 1891.

Sixty days after date for value received I promise to pay to the order of L. Rosenfeldt two hundred twenty-eight dollars at eight per cent, value received.

C. WOLFMAN.
S. SCHWARTZ.

491 So. Canal and Bunker St."

Indorsed on the back: " L. Rosenfeldt.

For value received we hereby guarantee the payment of the within note without notice.

GRISWOLD, PALMER & CO.

L. ROSENFELDT."

There is no dispute about the fact that the signature " Griswold, Palmer & Co.," on the back of the note is genuine. The contention in behalf of appellant who did not appear and whose identity is disputed by attorneys for appellees, is, that the signature was placed there with the intention to guarantee the note. The payee, Rosenfeldt, testifies that he was a customer of the firm of Griswold, Palmer & Co.; that he received the note from the maker, and called on Griswold, who, he says, " always favored me because I was a good customer." He states, " I told him I am short of a little money; you should indorse the note for me; " that Griswold put on the firm signature and returned him the note; and that he then sold it to a man he don't remember, who discounted it for a sum he has forgotten. He states that when he sold the note, the purchaser told him to indorse it; that he wrote his signature above that of Griswold, Palmer & Co.; that the purchaser told him that was wrong; that he then wrote his name below and his first signature was scratched out. The written guaranty above the firm signature of Griswold, Palmer & Co. is not in the handwriting of the deceased.

Evidence introduced in behalf of appellees tends to show that the note was turned over to the firm of Griswold, Palmer & Co., to apply on indebtedness of the payee, Rosenfeldt, to that firm; that the signature in question was indorsed on the note by the deceased in the regular course of business for collection when the note matured; that it was placed in the Metropolitan National Bank for collection, and was paid to that bank through the clearing house when due. This appears from the testimony of witnesses who made the entries showing such facts on the books of the firm and on the books of the bank in due course at the time. These witnesses were the bookkeeper of the firm to which

the deceased belonged, the note-teller and the paying-teller of the bank. The note-teller states that there are fifteen or twenty messengers going out every morning collecting such notes, and one of them may have been induced to deliver the note to the payor uncanceled, possibly on the plea that the latter was paying it for the maker, from whom he wished to collect it and therefore did not want it canceled. However this may be, the evidence fully warranted the finding of the jury, and they could not reasonably reach any other conclusion. There is here an appearance, at least, of fraud, and if it should be a mistaken appearance, it is appellant's misfortune, from which, under the evidence, we can not undertake to relieve him.

Appellant's evidence tends to show that the signature of " Griswold, Palmer & Co.," constituting the alleged guaranty, was put on before the payee, Rosenfeldt, wrote his signature above it, as he says, by mistake, and through which a line has been drawn, as appears on the back of the note. Assuming that this testimony is to be credited, it yet appears by undisputed and overwhelming evidence that the note was in fact put through the bank and collected by Griswold, Palmer & Co. when it matured. Assuming it to be true, therefore, that the note was guaranteed by said firm, that Rosenfeldt did sell it as he says he did to the unknown purchaser, yet as the note is shown without contradiction or dispute to have been paid to the alleged guarantors at maturity and credited to Rosenfeldt's account with said firm, it is clear that it must have come into their hands in some way from the party to whom Rosenfeldt says he sold it, assuming he did sell it. *Non constat* but that Griswold, Palmer & Co. paid the alleged purchaser and took up the note before its maturity, and there collected it through the bank. The party to whom Rosenfeldt says he sold the note does not appear, and is not identified at all. The burden was upon plaintiff to show the history of the note, that he got it for value, and not, as the undisputed evidence tends to show he must have done, after it had been paid in full. The evidence preponderates, we think,

against the contention that the firm guaranteed the note. However that may be, there being undisputed evidence tending to show that the note was paid at maturity and before it came into appellant's possession, the court would have been justified in directing a verdict for the defendant.

· The opinion in Hately v. Pike, 162 Ill. 241, contains a discussion of the law relating to the general subject of guaránty applicable in this case.

The witnesses who testified referred to entries made by themselves in due course of business on the books of the firm of the bank, and on the note itself. It was not error to refresh their recollections by reference to such original entries.

It is sought to reverse the judgment for error in the instructions. There is error without doubt, but it is not every error in an instruction that will justify a reversal. The error was not prejudicial and substantial justice has been done. Quinlan v. Badenoch, 78 Ill. App. 481–482; Dacey v. The People, 116 Ill. 555–576. ·

The judgment of the Circuit Court must be affirmed.

MR. JUSTICE WATERMAN, dissenting.—If the evidence in this case is such that the trial court might properly have instructed the jury to find for the defendant, the judgment should be affirmed, otherwise not.