JAMES MOIR *et al.*, Appellants, *v.* BENJAMIN HARRINGTON, *et al.*, Appellees.

### APPEAL FROM HENDERSON.

A plea which professes to answer the whole cause of action, but only answers a part, is obnoxious to a demurrer.

THIS was an action of assumpsit brought on a promissory note made by defendants.

The declaration contained special and common counts.

The defendant filed two pleas.    The first was the general issue.    The second plea set up, " that the said note was given for the sole and only consideration of the sum of $1,000, loaned to two of defendants, Hopkins and Harrington, on November 17, 1856, and that the other defendant, Phelps, signed the same as security without other consideration ; that at the time of making the note and loan, the plaintiff corruptly contracted with Hopkins and Harrington to receive interest for the loan and forbearance of said money, for six months from date of said note, to

the amount of one hundred dollars, which was deducted from the $1,000 so loaned, which exceeds ten per cent. per annum interest on the sum loaned ; that at the expiration of said six months the plaintiffs and said defendants corruptly contracted that the plaintiffs should receive $100 interest for the loan and forbearance of said sum so loaned, for a further period of six months, which exceeds the legal rate of interest at ten per cent. for said time ; that the plaintiffs received the said sums of usurious interest, and the same were paid them by defendants ; that the $1,000 described in said note which said note was conditioned to pay, is the same principal sum so loaned, wherefore the defendants aver that the plaintiffs have forfeited the whole of said interest so contracted to be received and received."

Plaintiffs demurred to the second plea, and for special cause of demurrer set out that the plea is double.

Demurrer was sustained, trial had, and judgment was rendered for the plaintiffs for the amount of the note and interest.

Defendants prayed an appeal.

The appellants assign the following causes :

That the court erred in sustaining the demurrer to defendants' second plea.

That the court erred in rendering judgment for the plaintiffs.

PURPLE & HARDING, for Appellants.

O. C. SKINNER, for Appellees.

CATON, C. J. The only question in this case arises from the demurrer to the second plea, which was sustained by the court. That plea commences thus : " and for a further plea in this behalf, the said defendants say *actio non*, because they say," etc., and then goes on to show that the note was given for an usurious loan of money—that the money loaned and usurious interest thereon were both included in the note. The plea was no doubt an excellent one where usury destroys the whole cause of action, but was a bad plea under our statute. It professes to answer the whole cause of action, but answers only a part.

The demurrer was properly sustained, and the judgment must be affirmed.

*Judgment affirmed.*