# HENRY C. DICKERSON

*v.*

# FREDERICK HENDRYX.

1. DECLARATION—*in ejectment.* In ejectment, whether against one in the actual possession of the land sued for, or against one exercising acts of ownership on the same, or claiming title thereto or some interest therein, the form of the averment required in the declaration by the statute is the same.

2. PLEADING—*plea must answer all it professes.* A plea professing to answer the whole declaration, which, in fact, answers but a part, is obnoxious to demurrer.

3. SAME—*plea denying possession in ejectment.* As the declaration is the same in ejectment against a defendant in possession as against one claiming title or some interest, where the premises are not occupied, a plea to the whole cause of action, denying that the defendant is in possession, is bad on demurrer, as not answering all it professes.

4. SAME—*pleas in ejectment.* The defendant in ejectment may file separate pleas denying his possession, or (the premises being unoccupied) that he claims title or some interest in the land or that a demand of possession was made before suit, but they must be limited as to the particular defense set up in each, and should not profess to be to the entire cause of action.

5. PRACTICE—*judgment as to part of declaration not answered.* If a plea professing to answer but a part of a declaration, in fact does answer only a part, and there is no plea to the other parts of the declaration, the plaintiff may, at any time during the term, have judgment by *nil dicit* for the parts unanswered.

6. ERROR—*party can not assign error as to co-defendant.* On appeal or writ of error in this court, a party can not take advantage of an error in the court below as to a co-defendant, in which he has no interest.

7. SAME—*proof of what is not required, no ground of error.* A defendant can not assign for error that the plaintiff was allowed to prove a fact not required to be proved, as, that he disclaimed any interest in land sought to be recovered in ejectment when he filed a plea denying his claim of any interest.

8. EVIDENCE—*judicial notice.* Where the proof in an action of ejectment locates the land in suit with reference to the congressional surveys, this court will take notice in what county the land lies.

APPEAL from the Circuit Court of McLean county.

This was an action of ejectment, brought in the McLean circuit court by Frederick Hendryx against Henry C. Dick-

erson, Robert Lowry and Charles Craig, for the recovery of the north-west quarter of section 20, in township 23 north, range 4 east of the third principal meridian.

The declaration in substance alleged that the plaintiff, on April 20, 1874, was possessed of the land, which he claims in fee, and being possessed thereof, the defendants afterwards, on April 20, 1874, entered into said tenements, and now unlawfully withhold from the plaintiff the possession thereof, to the damage, etc.

The plea of not guilty was interposed by all the defendants, and the defendant Dickerson filed the following two special pleas, verified by his affidavit:

1. *Actio non,* because he says at the said time, when, etc., and at the time of commencing this suit, he was not in possession of said premises in controversy or of any part thereof, etc.

2. *Actio non,* because the defendants were not in the possession and occupation of said premises in manner and form as the plaintiff has above complained against them.

The plaintiff filed a demurrer to the special pleas, which the court sustained. The cause was tried by the court, who found for the plaintiff, and rendered judgment accordingly, refusing a motion for a new trial. Dickerson alone appealed.

Messrs. HUGHES & McCART, for the appellant.

Messrs. FIFER & PHILLIPS, and Mr. O. T. REEVES, for the appellee.

Mr. CHIEF JUSTICE SCHOLFIELD delivered the opinion of the Court:

The chief question for our determination on this record is, did the circuit court err in sustaining demurrers to the two special pleas? They profess to answer the whole declaration, yet they put in issue only the possession and occupation of the premises.

The sixth section of the present statute relating to ejectment (Rev. Stat. 1874, p. 444,) is this: "If the premises for which

the action is brought are actually occupied by any person, such actual occupant shall be named defendant in the suit, and all other persons claiming title or interest in the same may also be joined as defendants." The seventh section is: "If the premises are not occupied, the action shall be brought against some person exercising act of ownership on the premises claimed, or claiming title thereto, or some interest therein, at the commencement of the suit."

But whether the suit be to recover as against one in the actual occupation or possession of the premises, or as against one (the premises not being occupied) exercising act of ownership on the premises claimed, or claiming title thereto, or some interest therein, the form of averment required in the declaration is the same, and is that contained in the declaration in this record. Ibid. § 11.

It is provided, however, in section twenty-one, that "the plea of not guilty shall not put in issue the possession of the premises by the defendant, or that he claims title or interest in the premises." And section twenty-two is as follows: "It shall not be necessary for the plaintiff to prove that the defendant was in possession of the premises, or claims title or interest therein, at the time of bringing the suit, or that the plaintiff demanded possession of the premises; unless the defendant shall deny that he was in such possession, or claims title or interest therein, or that demand of possession was made, by a special plea verified by affidavit."

It is, therefore, obvious if defendants were claiming title or interest in the premises at the time of bringing the suit, it is not of the slightest consequence that they were not in the actual occupation or possession of the premises. No rule in pleading is better settled than that a plea professing to answer the whole declaration, which, in fact, answers but a part, is obnoxious to demurrer. *Frink* v. *King*, 3 Scam. 144; *Hinton* v. *Husbands*, ibid. 187; *Buckmaster* v. *Beames*, 4 Gilm. 443; *Moir* v. *Harrington*, 22 Ill. 40; *Goodrich* v. *Reynolds*, 31 id. 490.

No doubt separate pleas embodying these defenses may be

filed, but they must be limited to the defense they interpose, which was not done here; and if a plea professing to answer but a part of the declaration, in fact does so, and there is no plea to the other parts of the declaration, the plaintiff may, at any time during the term, have judgment by *nil dicit* for the parts unanswered.   *Warren* v. *Nexsen,* 3 Scam. 38; *Safford* v. *Vail,* 22 Ill. 327.   This, of course, presupposes that the declaration includes, as here, two or more grounds of recovery, and that the plea effectually answers what it purports to answer.

The objection that Lowry and Craig held by separate leases, and not as tenants in common, does not concern appellant. They make no complaint of the judgment, and he can not profit by an error against them in which he has no interest.

The objection to the ruling of the court in excluding the evidence offered to prove that appellant disclaimed any interest in the property, is answered by the twenty-first section of the ejectment act, before quoted.   He filed no plea putting that fact in issue, as required by that section, and he is not injured by appellee offering proof of that which there was no necessity of proving.

The proof locates the land with reference to the congressional surveys, and from this we take notice that it lies in McLean county.

The judgment is affirmed.

*Judgment affirmed.*