Morehead v. Yeazel.

10  263
56  318

## DAYTON C. MOREHEAD, use, etc.

### v.

## JAMES YEAZEL ET AL.

1. PLEADING.—A plea professing to answer the whole declaration, which in fact answers only a part, is bad on general demurrer.

2. REPLEVIN—SUIT ON BOND—BREACHES —To a suit on a replevin bond, assigning as breaches a failure to prosecute the suit, failure to make return of the goods, and a failure to pay the costs adjudged, etc., the defendant pleaded in bar of the whole action, that the merits of the cause were not tried on the replevin suit, and that defendant was owner of the goods, etc. *Held*, bad on general demurrer. It did not attempt to answer the breaches of failure to prosecute and to pay costs.

ERROR to the Circuit Court of Vermillion county; the Hon. J. W. WILKINS, Judge, presiding. Opinion filed January 24, 1882.

Mr. W. R. LAWRENCE, for plaintiff in error.

Mr. R. C. WRIGHT, for defendant in error.

HIGBEE, P. J. This was an action of debt on a replevin bond by plaintiff in error, sheriff of Vermillion county, for the use of Mary A. Corbley against appellee.

The condition of the bond was that the said Yeazel should prosecute said suit with effect, without delay, make return of the property replevied, if return thereof should be awarded, save and keep harmless the sheriff, and pay all costs that should accrue to said defendant in said action.

The declaration was in the usual form, averring that the replevin suit resulted in a judgment against the plaintiff therein for costs, awarding the return of the property replevied; that a writ of *retorno habendo* had been duly issued and returned, and assigning as breaches of the condition of the bond, that the said Yeazel did not prosecute his suit with effect, did not make return of the goods and chattels replevied, nor did he pay to the said Corbley the costs adjudged to her in said action as in and by said judgment he was required to do.

The defendants by their second plea, which was pleaded in bar of the whole cause of action, set out the substance of the pleas in the former suit, and then averred that the merits of said cause were not determined in the said replevin suit, in which said bond was given, and that the said defendant, Yeazel, was at the time, etc., and still is, the owner of the goods and chattels aforesaid.

To this plea a general demurrer was overruled, and the plaintiff standing by the demurrer, a judgment was rendered against the said Mary A. Corbley for costs, from which plaintiff appeals to this court, and assigns for error the judgment of the court in overruling said demurrer and rendering final judgment on said plea in bar of her action.

The judgment against Yeazel, the plaintiff in the replevin suit for costs, and awarding a writ of *retorno habendo* was of itself a breach of the condition of the bond, and conclusive of all the rights of the parties, except the right saved to the plaintiff by the statute, to plead and prove his title to the property in mitigation of damages. Rankin et al. v. Kinsey, 7 Bradwell, 215; Stenson et al. v. Earnest, 80 Ill. 513.

The plea in this case was pleaded in bar of the whole cause of action, yet it did not attempt to answer the breaches for failing to prosecute the replevin suit with effect, nor for the non-payment of the costs adjudged against the plaintiff in said suit.   It set up matters only in mitigation of damages to the extent of the value of the goods and chattels taken in replevin.

It is a well settled rule of pleading that a plea must answer all it professes to answer, and that a plea professing to answer the whole declaration, which in fact only answers a part, is obnoxious' to a general demurrer.   The People v. McCormick et al., 68 Ill. 226; Dickenson v. Hendryx, 88 Ill. 66.

The plea was in violation of this well settled rule of pleading, and the court erred in not sustaining the demurrer to it.

Judgment reversed and cause remanded.