## THE DE WITT COUNTY NATIONAL BANK

*v.*

## IRA L. NIXON *et al.*

*Filed at Springfield September 27, 1888.*

INDORSEMENT OF PROMISSORY NOTE—*by a third person—character of liability assumed—presumption.*   The placing of the name of a third party on the back of a note is *prima facie* evidence, only, that the liability intended to be assumed is that of guarantor.   It may be shown that the real contract is, that the liability intended to be assumed is that of a simple indorser.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on writ of error to the Circuit Court of De Witt county; the Hon. CYRUS EPLER, Judge, presiding.

Mr. Thomas F. Tipton, for the plaintiff in error:

When a note is indorsed in blank by the payee, parol evidence is not admissible to vary the legal effect of such blank indorsement. *Beattie* v. *Brown,* 64 Ill. 361; *Mason* v. *Burton,* 54 id. 349; *Jones* v. *Albee,* 70 id. 37; *Skelton* v. *Dustin,* 92 id. 52; *Dietrich* v. *Mitchell,* 43 id. 40; *Boynton* v. *Pierce,* 79 id. 146; *Schnell* v. *Planing Mill Co.* 89 id. 582; *Windheim* v. *Ohlendorff,* 3 Bradw. 436; *Worden* v. *Salter,* 90 Ill. 165; *Wallace* v. *Goold,* 91 id. 19; *Courtney* v. *Hogan,* 93 id. 104.

It is now the well settled law of this State, that a person who is not a party to a promissory note, which is a valid obligation against the maker, by writing his name in blank on the back of the note, is presumed to consent to the obligation of a guarantor. *Camden* v. *McKoy,* 3 Scam. 437; *Cushman* v. *Dement,* id. 497; *Carroll* v. *Weld,* 13 Ill. 682; *Klein* v. *Currier,* 14 id. 240; *Webster* v. *Cobb,* 17 id. 459; *Hance* v. *Miller,* 21 id. 636; *Blatchford* v. *Milliken,* 35 id. 439; *Stowell* v. *Raymond,* 83 id. 121; *Lincoln* v. *Hinzey,* 51 id. 435; *White* v. *Weaver,* 41 id. 409; *Parkhurst* v. *Vail,* 73 id. 343; *Brown* v. *Reasner,* 5 Bradw. 49; *Eberhart* v. *Page,* 89 Ill. 550; *Allen* v. *Coffil,* 42 id. 293; *Penny* v. *Manufacturing Co.* 80 id. 244; *Boynton* v. *Pierce,* 79 id. 145.

That the defendant in the court below was the guarantor of the note in suit, is well settled by the authorities following: *Stowell* v. *Raymond,* 83 Ill. 120; *Cushman* v. *Dement,* 3 Scam. 497; *Camden* v. *McKoy,* id. 437; *Carroll* v. *Weld,* 13 Ill. 682; *Klein* v. *Currier,* 14 id. 237; *Webster* v. *Cobb,* 17 id. 459; *Parkhurst* v. *Vail,* 73 id. 343; *Glickauf* v. *Kaufmann,* id. 378; *Pahlman* v. *King,* 49 id. 266; *Eberhart* v. *Page,* 89 id. 550; *Brown* v. *Reasner,* 5 Bradw. 49; *Pool* v. *Roberts,* 19 id. 441.

Mr. George B. Graham, and Mr. O. E. Harris, also for the plaintiff in error:

The signature of a third person on the back of a note, in the hands of the payee, is *prima facie* evidence that it was

placed there as a guaranty. *Camden* v. *McKoy,* 3 Scam. 437; *Cushman* v. *Dement,* id. 497; *Carroll* v. *Weld,* 13 Ill. 682; *Klein* v. *Currier,* 14 id. 237; *Webster* v. *Cobb,* 17 id. 459; *Parkhurst* v. *Vail,* 73 id. 343; *Glickauf* v. *Kaufmann,* 73 id. 378; *Pahlman* v. *Taylor,* 75 id. 629; *Stowell* v. *Raymond,* 83 id. 120.

In order to rebut the legal presumption of guaranty, the proof must be clear and satisfactory as to a different intention. *Stowell* v. *Raymond,* 83 Ill. 120; *Cushman* v. *Dement,* 3 Scam. 497; *White* v. *Weaver,* 41 Ill. 409; *Glickauf* v. *Kaufmann,* 73 id. 378.

Messrs. Moore & Warner, for the defendants in error:

The holder of a negotiable note indorsed in blank may fill up the blank with such undertaking as is consistent with the nature of the instrument and the intention of the parties, and the indorsement of a note in blank by a third party, raises a presumption, only, that it is intended thereby to assume the liability of a guarantor, which may be rebutted by proof that the real agreement between the parties was different. *Eberhart* v. *Page,* 89 Ill. 550; *Boynton* v. *Pierce,* 79 id. 145; *Webster* v. *Cobb,* 17 id. 459.

Where the evidence is conflicting, and that produced by either party, considered alone, is sufficient to require a verdict in his favor, a new trial will not be granted on the ground that the verdict is not sustained by the evidence. *Howitt* v. *Estelle,* 92 Ill. 218; *Lewis* v. *Lewis,* id. 237; *Clark* v. *Day,* 93 id. 480; *Buchanan* v. *McLennan,* 105 id. 56; *Insurance Co.* v. *Ellis,* 89 id. 516; *Sullivan* v. *Dollins,* 13 id. 85; *Carroll* v. *Weld,* id. 682; *Webster* v. *Cobb,* 17 id. 459; *White* v. *Weaver,* 41 id. 409; *Parkhurst* v. *Vail,* 73 id. 343; *Boynton* v. *Pierce,* 79 id. 145; *Stowell* v. *Raymond,* 83 id. 120; *Eberhart* v. *Page,* 89 id. 550; *Rey* v. *Simpson,* 22 How. 331.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

The sole question on the trial in the circuit court was, whether the defendants assumed the liability of indorsers, or that of guarantors, when they wrote their names across the back of the note in suit. The jury found that they assumed the liability of indorsers, and not that of guarantors, and the court gave judgment upon that finding, in favor of the defendants. This judgment was affirmed, on appeal, by the Appellate Court for the Third District.

The question in the circuit and in the Appellate courts seems to have been purely one of fact. We have looked in vain through this record to find a ruling upon a question of law raised in the trial court, and considered in the Appellate Court, which can now be urged as ground for reversal.

No objection was urged, on the trial, to the defense interposed, because of the condition of the pleadings, or, so far as we have been able to discover, for any other cause; and in instructions asked in behalf of plaintiff in error, it was assumed and stated that the placing of the name of a third party on the back of a note is *prima facie* evidence only, that the liability intended to be assumed is that of guarantor. But that this is *prima facie* evidence only that such liability is intended to be assumed, and that it may be shown that the real contract is that the liability intended to be assumed is that of indorser, is established by many adjudged cases. *Carroll* v. *Weld*, 13 Ill. 682; *Webster* v. *Cobb*, 17 id. 459; *White* v. *Weaver*, 41 id. 409; *Parkhurst* v. *Vail*, 73 id. 343; *Boynton* v. *Pierce et al.* 79 id. 145; *Stowell* v. *Raymond*, 83 id. 120; *Eberhart* v. *Page*, 89 id. 550.

We find no error of law justifying a reversal of the judgment of the Appellate Court. It is therefore affirmed.

*Judgment affirmed.*