CHARLES F. MILLIGAN

*v.*

ZEPHANIAH S. HOLBROOK.

*Opinion filed November 1, 1897.*

1. BILLS AND NOTES—*presumption that an irregular endorsement is a guaranty may be rebutted.* The presumption that an endorsement of a note in blank by a third person before its delivery was intended as a guaranty may be rebutted while the note is in the payee's hands, by parol evidence showing its true character.

2. EVIDENCE—*what tends to rebut presumption of guaranty.* Evidence that the payee said to a third person about to endorse a note before delivery, "You endorse this note, do you?" to which the latter replied, "I endorse this note because I consider the maker good, and you have got to exhaust him before you can collect of me," to which the payee responded, "All right," tends to prove that the undertaking was that of endorsement, only.

*Milligan* v. *Holbrook*, 68 Ill. App. 631, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding.

G. W. & J. T. KRETZINGER, for appellant:

A third person, by indorsing a promissory note, becomes liable as a guarantor. *Camden* v. *McKoy,* 3 Scam. 437; *Boynton* v. *Pierce,* 79 Ill. 145; *Ryan* v. *Bank,* 148 id. 349.

If a note in the hands of the payee has upon its back the blank signature of a third person, the presumption is that such person endorsed as a guarantor, and in order to rebut the legal presumption the proof must be clear and satisfactory as to a different intention. *Stowell* v. *Raymond,* 83 Ill. 120.

Clear proof is required to overcome the presumption from a blank endorsement by a third party that a guaranty was intended. *Bank* v. *Nixon,* 25 Ill. App. 158.

ASHCRAFT, GORDON & COX, for appellee:

A guaranty is an undertaking by one person that another shall perform his contract or fulfill his obligation, and that if he does not the guarantor will do it for him. The guarantor of a bill or note is one who engages that the note shall be paid, but is not an indorser or surety. *Gridley* v. *Capen,* 72 Ill. 11.

The presumption a party, not a payee, who places his name on the back of a note is a guarantor may be rebutted by parol evidence. The character of the liability assumed may be explained and the legal presumption rebutted. *Cushman* v. *Dement,* 3 Scam. 497; *White* v. *Weaver,* 41 Ill. 409; *Camden* v. *McKoy,* 3 Scam. 437.

Mr. JUSTICE BOGGS delivered the opinion of the court:

Appellant brought assumpsit against the appellee in the circuit court of Cook county to enforce an alleged liability as guarantor of a note given by one Day to the appellant, the payee, and endorsed in blank by appellee. The defense was, that by virtue of a special agreement entered into between appellant and appellee at the time the note was endorsed, the liability of the appellee was that of an endorser. The cause was submitted in the cir-

cuit court to the court without a jury. The judgment was adverse to the appellant. He brought the case by appeal to the Appellate Court for the First District, and, the judgment of the circuit court being affirmed, he has prosecuted a further appeal to this court.

The only question arising upon the record in this court is, whether the circuit court erred in holding the fourth proposition correctly stated a principle of law applicable to the contention. The proposition is as follows:

"Held as law in this case, that if the court should believe, from the evidence, that at the time the name of Holbrook was placed on the back of the note in evidence that plaintiff said, in substance, to Holbrook, 'You endorse these notes, do you not?' that Holbrook replied, 'I endorse these notes because I consider Mr. Day good, and you have got to exhaust him before you can collect of me,' and that plaintiff replied, 'All right,' and that thereupon Holbrook put his name on the back of the notes and they were delivered to the plaintiff; and if the court should believe, from the evidence, that no other or different arrangement or language was used than aforesaid, and that no other agreement or understanding was had than embraced in the language aforesaid, that then and in that case Holbrook, as matter of law, contracted as endorser and not as a guarantor, and this action cannot be maintained."

The presumption of the law is the liability of the appellee is that of a guarantor, but as the note is still in the hands of the payee that presumption may be rebutted, and is rebutted, if it appears that the real contract between the appellee and the payee was that the liability of the appellee is that of an endorser. (*DeWitt County Bank* v. *Nixon*, 125 Ill. 615.) So far as the fourth proposition purports to state a principle of law the rule announced is correct. The matters of fact referred to in the proposition tended to establish an agreement limiting the liability of the appellee to that of endorser, and that the

preponderance of the evidence supported the judgment is conclusively settled by the decision of the Appellate Court.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*