# First National Bank of Arcola, Appellee, v. J. R. Heeb, Appellant.

1. GUARANTY, § 36*—*when testimony as to existence of stamped guaranty over signature inadmissible.* In an action by a bank against defendant as guarantor on notes, where the issue was whether the guaranty was stamped on the notes when they were indorsed to the bank by defendant, testimony of the cashier that the guaranty was on the notes over the signature of defendant the first time he saw the notes, which was a few days after the notes were taken by the bank, *held* inadmissible as being too remotely connected with the issue before the jury.

2. APPEAL AND ERROR, § 1507*—*when cross-examination of witness harmless.* In an action against an indorser on an alleged guaranty written above the name of the indorser, permitting a witness who testified on behalf of the defendant to be asked on cross-examination whether the bankruptcy proceedings against the maker of the note was voluntary or involuntary, *held* harmless error.

3. WITNESSES, § 227*—*when cross-examination improper.* In an action by a bank against defendant on an alleged guaranty on promissory notes where the issue was whether the guaranty was stamped on the notes when defendant indorsed them to the bank, an objection to a question asked of the cashier of the bank on cross-examination, "if on other notes in the bank he had not noticed the signature was in with the stamp or underneath it as a rule," *held* properly sustained, where the notes asked about were not in the case or presented to him for inspection and the question did not pertain to anything testified to by the witness.

4. GUARANTY, § 36*—*admissibility of evidence to prove time guaranty was stamped on note.* In an action against a defendant on his alleged guaranty on promissory notes where the issue was whether the guaranty was stamped on the other notes when defendant indorsed them to plaintiff, the defendant on rebuttal offered in evidence two experimental exhibits, one being a stamp impression on paper with a signature written over the stamp, and the other being a stamp impression over a signature, and then asked witnesses if they could distinguish whether the stamp mark or the signature was made first, *held* that objections to the exhibits and questions were properly sustained, for the reason that such evidence could be offered by defendant only when making out his defense, and not in rebuttal, and because the stamping and writing were not shown to have been executed under similar conditions to those in controversy.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

First National Bank v. Heeb, 188 Ill. App. 194.

5. BILLS AND NOTES, § 462*—*when instruction as to extension of time of payment not objectionable.* In an action against defendant on his alleged guaranty on promissory notes, an instruction given for plaintiff on the question whether defendant was relieved from liability by an extension of time to the maker for the payment of the notes, *held* not subject to the objection that it was "a complete instruction to find for the plaintiff if the notes were guaranteed."

6. BILLS AND NOTES, § 462*—*when instructions as to contract of guaranty of indorser erroneous.* In an action against defendant on his alleged guaranty on promissory notes, where the issue was whether the guaranty was stamped on the notes before defendant indorsed them to the plaintiff, an instruction given for plaintiff and another given for defendant as modified, *held* erroneous, as allowing a recovery if the defendant agreed to guaranty the notes before he indorsed them to the plaintiff, but *held* that the giving of plaintiff's instructions and the modification of defendant's instructions were harmless in view of special findings of the jury.

7. BILLS AND NOTES, § 433*—*when parol evidence inadmissible to vary terms of payee's indorsement.* The name of the payee appearing on the back of a note is evidence that he is an indorser, and parol evidence of what occurred before the indorsement is not admissible to contradict or vary the contract of indorsement.

8. APPEAL AND ERROR, § 1523*—*when error in giving or refusing instructions harmless.* Where special findings by a jury show that appellant was not injured by the refusal of a correct instruction or the giving of an incorrect instruction, the error is harmless.

9. APPEAL AND ERROR, § 1012*—*when improper remarks of court or counsel not preserved for review.* Improper remarks of court or counsel are not preserved for review, where no objection was made to the remarks of the court and neither was mentioned in the written motion for a new trial.

10. APPEAL AND ERROR, § 613*—*when grounds for new trial waived.* Grounds for a new trial not set forth in a motion for a new trial are waived where the motion was in writing.

Appeal from the Circuit Court of Coles county; the Hon. E. R. E. KIMBROUGH, Judge, presiding. Heard in this court at the October term, 1913. Affirmed. Opinion filed July 2, 1914.

ABEL L. ALLEN and H. A. NEAL, for appellant.

JAMES W. and EDWARD C. CRAIG and DONALD B. CRAIG, for appellee.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

MR. PRESIDING JUSTICE THOMPSON delivered the opinion of the court.

This is an appeal from a judgment rendered in favor of the First National Bank of Arcola against J. R. Heeb as guarantor on five promissory notes.

The notes were executed by the Home Herald Company of Chicago to J. R. Heeb. One note dated November 19, 1909, is for $550 due three months after date and was transferred to appellee during the same month; the other notes are for $500 each and are dated January 4, 1910; three of them were due February 26, 1910, and the other was due three months after date. The notes dated January 4th were transferred to appellee January 6, 1910. All the notes bear interest at the rate of six per cent. and are indorsed, "For value received I hereby guarantee payment of the within note, and waive demand, notice and protest on same when due. J. R. Heeb."

The declaration contains five special counts and the common counts. Each special count avers the liability of appellant as guarantor on one of the notes. The pleas are the general issue, a plea to each count averring that the notes were indorsed in blank and that the time of payment was extended by appellee to the Home Herald Company without the consent of appellant, and a plea to each count denying the guaranty verified by affidavit. The appellant joined issue on the general issue and the pleas denying the guaranty and filed replications denying the indorsement of the notes in blank and the extension of time, on which issues were joined. The case was tried by a jury, and a general verdict returned for $3,059.25 in favor of appellee together with special findings.

The controversy is (1) whether the liability of appellant was that of a guarantor or that of an indorser; and (2) whether the time of payment of the notes was extended without the consent of appellant.

The evidence on behalf of appellee shows that appel-

lant was an employee of the Home Herald Company of Chicago; that he had formerly resided in Arcola, Illinois, and was a boyhood friend of J. R. Beggs, the president of the First National Bank of Arcola; and that appellant while visiting his relatives in Arcola, in October, 1909, met Beggs and told him he expected to get some notes from the Home Herald Company and asked him whether the appellee would buy them, and that Beggs replied that the bank would buy them on condition that appellant would guarantee them, and that he, Beggs, didn't know anything about the Home Herald Company and would only buy them on the strength of appellant's guaranty, and that the notes would have to be sent to the bank for inspection.

The evidence on the part of appellee further shows that the notes shortly after their dates, the $550 note at one time and the remaining four notes at another time, were sent to the bank without any indorsement, and that the bank stamped the guaranty across the back and returned them to appellant for his signature under the guaranty; that the notes were thereafter returned to the bank with appellant's name written under the guaranty and the notes were then taken at a discount of one per cent.

The evidence for appellant is that the notes were forwarded to appellee with his indorsement without any guaranty on them and without any previous arrangement for discounting them.

After the discounting of the notes appellant went to Europe, where he remained until the fall of 1910. Each of the notes were presented for payment when they fell due, and all except the note maturing April, 1910, were protested for nonpayment. The Home Herald Company in April, 1910, became an involuntary bankrupt. Shortly after the note first maturing was protested for nonpayment, one Johnson, secretary of the Home Herald Company and of the World's Events Company, which succeeded the Home Herald Company, went to

Arcola on behalf of the Home Herald Company and wanted an extension of the time of payment of the five notes. The evidence of Beggs and Allison, the cashier of the bank, is that Beggs stated to Johnson that appellee was looking to appellant for payment of the notes on his guaranty, and that appellant was in Europe and that appellee could not extend the time of payment for the reason that would release appellant; that he would not even receive the interest due on the notes and protest fees for fear such act would release appellant; that Johnson stated he was going to send appellee a note and some stock in the World's Events Company as additional security to protect appellant, and that Beggs stated that whatever Johnson wanted to leave for appellant would be all right, but that appellee would not extend the time of payment or do anything in the absence of appellant that would jeopardize the rights of appellee against appellant.

Johnson did send a note made by the Home Herald Company for $2,550 payable to the First National Bank of Arcola four months after date and a certificate for twenty-five shares of preferred stock in World's Events Company, the note reciting that it is given as collateral to the five notes given to appellant.

Beggs received this $2,550 note and stock accompanying it, kept it in his desk, but would not accept it, and did not return the five original notes, and testified that he made no arrangement or agreement for any extension of the time of payment of any of the five notes.

It is insisted that the court erred in permitting Allison, the cashier, to testify that the guaranty was on the notes over the signature of appellant the first time he saw the notes. This was a few days after the notes were taken by the bank. This evidence was but very remotely, if at all, connected with the issue before the jury. It was, however, before any controversy had arisen between the parties and was a circumstance entitled to little, if any, weight.

It is also contended that the court erred in permitting Johnson, a witness who testified on behalf of appellant, to be asked on cross-examination whether the bankruptcy proceeding against the Home Herald Company was voluntary or involuntary. It had been proved without objection that the Home Herald Company had been adjudged a bankrupt. Thereafter, on re-examination of the witness Johnson, appellee was permitted over objection to show that it was an involuntary bankrupt. That was immaterial but was harmless error.

On the cross-examination of Allison, the cashier of the bank, an objection was sustained to a question, "If on other notes in the bank he had not noticed the signature was in with the stamp or underneath it as a rule"? The other notes asked about were not in the case or presented to him for inspection. How other parties might place their names was immaterial and was not cross-examination of anything testified to by the witness.

In rebuttal, appellant sought to introduce in evidence two experimental exhibits, one was a stamp impression on a paper on which a signature had been written over the stamp, in the other the signature was first written on the paper and then the impression from the stamp placed over the signature. The evidence showed that these experimental stamp marks and signatures were substantially made at the same time. Witnesses were asked if they could distinguish which was placed first. Objections were sustained to the questions and these exhibits. This it is contended was error. The objection to this evidence, if it had been otherwise competent, was properly sustained for two reasons: First, because the evidence, if competent, should have been offered in making out the defense and not in rebuttal; and second, because the stamping and the writing were not shown to have been executed under similar conditions to the stamping and writing in controversy. The stamping and writing in appellant's exhibits occurred

substantially at the same time, while the stamping and writing on the notes in controversy were several hours apart. 5 Ency. of Evidence, 483. There is no reversible error either in the admission or rejection of evidence.

The appellant contends that the court erred in giving appellee's eighth instruction. Counsel for appellant set forth in their brief the instruction under quotation marks as follows:

"The Court instructs the jury that to release a guarantor from payment of a note that he has guaranteed to pay, the holder of the note must agree to not only extend the time of payment of the note, but must agree to extend the time of the payment for some definite fixed time and must receive for the agreement to extend the time a valuable consideration and the extension must be made without the consent and knowledge of the guarantor; and if any of these elements are lacking the guarantor is not released.

"So in this case, if you believe from a preponderance of the evidence that the defendant guaranteed the payment of these notes at the time he sold them to the plaintiff, then, and in that case, the defendant is liable to the plaintiff on the said notes and your verdict should be for the plaintiff."

Counsel say: "It is a complete instruction to find for the plaintiff if the notes were guaranteed." A reference to the abstract and record shows that they have omitted a subsequent and very material part of the instruction, which is: "And the only way the defendant can free himself from such liability under the issues in this case is to prove by a preponderance of the evidence that the plaintiff agreed with the Home Herald Company without his knowledge and consent to extend the time of payment of the said notes for four months and that the plaintiff did so in consideration of the Home Herald Company putting up with it this note for $2,550 and the stock certificate introduced in evidence,

but if you believe from the evidence that the defendant guaranteed the payment of these notes and that the defendant has not proven the defense of extension of time of payment as herein outlined, by a preponderance of the evidence, your verdict should be for the plaintiff.''

The omitted part of the instruction remedies the objection that the instruction directs a verdict if the jury believe the guaranty was proved.

It is also insisted that the court erred in giving appellee's thirteenth instruction and in modifying appellant's fourth. The appellee's thirteenth tells the jury that if they believe from a preponderance of the evidence that appellant agreed to guaranty the notes before the notes were discounted, then it is immaterial when the stamp was put on the notes, as the appellee in that state of the proof would have the right to place the guaranty stamp on the notes after the appellant had indorsed his name thereon. The appellant's fourth instruction as asked states that the verdict must be for the appellant if the jury believe the notes were indorsed in blank and sent to the bank and the guaranty stamp was placed on the notes after their receipt by the bank. The instruction makes no reference to any agreement to guarantee the notes made either prior or subsequent to the indorsement. The court modified the instruction to correspond with appellee's thirteenth.

If the appellant at the time of or after signing his name on the back of the notes authorized the guaranty to be placed above his name before appellee would discount them, then the appellee would have the right to place the guaranty there. *Kaestner v. First Nat. Bank of Chicago*, 170 Ill. 322. The general rule, however, is that the name of the payee appearing on the back of the instrument is evidence that he is an indorser, and parol evidence of what occurred before the indorsing of the name is not admissible to contradict or vary the contract of indorsement. *Lloyd & Co. v. Matthews*, 223

Ill. 477; *Johnson v. Glover,* 121 Ill. 283; *Hately v. Pike,* 162 Ill. 241; *Martin v. Cole,* 104 U. S. 30. We find nothing in the Negotiable Instrument Act changing this well-settled rule regarding the transfer of negotiable paper. We conclude that appellee's thirteenth instruction and the modification of appellant's fourth were erroneous, but this error in the instructions is shown to be harmless by the special findings returned by the jury.

At the request of the appellant the jury were instructed to answer the following interrogatories:

"First: Did the plaintiff accept of the Home Herald Company a note for $2,550 dated February 26, 1910, due in four months after date and a certificate for twenty-five shares of preferred stock of the World Events Company, and did it, in consideration of said notes and stock, extend the time of payment of the five notes sued on in this case, for the period of four months from February 26, 1910?

"Second: Was the guaranty which appears upon the notes offered in evidence, on said notes at the time they were indorsed by the defendant?

"Fourth. Were the guaranties appearing on the notes offered in evidence placed thereon after they were indorsed by the defendant?" The jury answered the first, "No," the second, "Yes," and the fourth, "No."

The special findings of fact returned by the jury on the interrogatories requested by the appellant show that they found that the guaranty stamp was placed on the back of the notes before the signature of the payee was indorsed thereon. There was no objection to any evidence introduced on the question of the guaranty or the agreement to guarantee. The jury having found the facts against the appellant, that the guaranty was first placed on the notes, the appellant was not harmed by the giving of the erroneous instructions since, under the special finding of fact, the jury could not have found otherwise than for appellee. Where special findings by

a jury show that appellant was not injured by the refusal of a correct instruction or the giving of an incorrect instruction, the error is harmless. *Avery v. Moore,* 133 Ill. 74; *Godfrey v. Phillips,* 209 Ill. 587; *Schillinger Bros. Co. v. Smith,* 225 Ill. 74; *Mt. Olive & S. Coal Co. v. Rademacher,* 190 Ill. 543; *East St. Louis Connecting Ry. Co. v. O'Hara,* 150 Ill. 586.

It is also assigned for error that the trial court made improper and prejudicial remarks on the trial and that, "Counsel were guilty of misconduct in remarks made to the jury which tended to prejudice the defendant." It is an answer to both these assignments, that no objection was made to the remarks of the court and that the motion for a new trial which is in writing does not mention either as a reason for a new trial. If the reasons for a new trial are specified in writing, all grounds for new trial not set forth in such written motion are waived. *Yarber v. Chicago & A. Ry. Co.,* 235 Ill. 589; *Metropolitan West Side El. R. Co. v. White,* 166 Ill. 375.

It is the peculiar province of the jury to judge of the weight of the evidence and the credibility of the witnesses. The evidence being in direct conflict and the trial court having approved of the verdict, this court cannot say that the verdict and judgment are against the manifest preponderance of the evidence. The judgment is therefore affirmed.

*Affirmed.*