**George Kopf, Appellee, v. Amos Yordy, Appellant.**

**Gen. No. 6,090.**

1. BILLS AND NOTES, § 165*—*what nature of liability of indorser.* In an action by the payee against an indorser of a promissory note, it is not a prerequisite to recovery that the plaintiff shall have first proceeded against the makers thereof.

2. PLEADING, § 108*—*when special plea insufficient.* A demurrer to a special plea presenting matters which were already at issue under the general issue, *held* properly sustained.

3. PLEADING, § 108*—*when special plea demurrable as presenting questions covered by general issue.* In an action against an indorser on a promissory note, a plea alleging that the plaintiff did not present the note to the makers for payment on the day it became due and gave no notice of its nonpayment or dishonor to the defendant, and made no demand for payment on the defendant on the day it became due, nor for a long time thereafter, etc., *held* bad on demurrer, in that it presented matters already at issue under the general issue.

4. BILLS AND NOTES, § 185*—*when delay in recording trust deed securing note is defense available to indorser.* In an action on a promissory note against an indorser who indorsed it at the time of its delivery to the plaintiff at his request, and which was secured by a trust deed delivered therewith to the plaintiff, *held* that the delay of the plaintiff to record such deed until after a prior lien had been secured on the property by the recording of another trust deed thereon would have been a defense, if properly pleaded, to the extent of the injury suffered by the defendant by reason of such delay.

5. PLEADING, § 102*—*when special plea presenting partial defense demurrable.* A special plea which purports to present a defense to the whole of the plaintiff's demand but which, in .fact, amounts to only a partial defense is bad on demurrer.

6. BILLS AND NOTES, § 165*—*when signer liable as indorser.* One

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

who indorsed a note at the request of another to induce him to accept it, *held* liable as an indorser.

7. Pleading, § 409*—*when parol evidence inadmissible under general issue.* In an action against an indorser of a promissory note where the only issue presented was the general issue, parol evidence of what occurred at the time of the indorsement *held* inadmissible.

Appeal from the Circuit Court of Stephenson county; the Hon. Richard S. Farrand, Judge, presiding. Heard in this court at the April term 1915. Reversed and remanded. Opinion filed April 19, 1916.

William N. Cronkrite and Robert A. Hunter, for appellant.

R. R. Tiffany, for appellee.

Mr. Justice Niehaus delivered the opinion of the court.

In this case an appeal was taken from a judgment rendered in the Circuit Court of Stephenson county in the sum of $1,605 and costs of suit against the appellant, Amos Yordy, as indorser of a promissory note. The suit was brought in assumpsit by the appellee, George Kopf, against the appellant as indorser, and Robert R. Prall and Vina W. Prall as makers of the note. The note was for the principal sum of $1,500, payable to the order of the makers, dated October 12, 1912, and indorsed by them and by the appellant, Amos Yordy, before its delivery to appellee. It was secured by a trust deed made to Ed. Redington, trustee, of even date with the note, on a lot in the City of Freeport, and recites that fact on its face.

The appellant, Amos Yordy, and the appellee, George Kopf, both reside in the Village of Shannon, in Carroll county, where appellant was engaged in the real estate and loan business. Appellant negotiated this loan from appellee for Robert R. Prall and his

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

wife, Vina Prall, who were about to build a house upon the lot described in the trust deed, and wanted to use the money loaned for that purpose. Pursuant to this negotiation, appellant, appellee and Robert R. Prall and wife, met at the office of Taylor & Frick, in Freeport, where the note and trust deed were drawn up and signed by the parties. At the time of the negotiation of the note, appellee insisted that appellant should also indorse the note before he would take the loan; and this was done, appellant indorsing his name on the note under the indorsement of the makers prior to its delivery to appellee.

The money loaned was paid over to the makers of the note in sums of $500 on three successive dates, the final payment being made on January 25, 1913. The trust deed, which was executed by the makers of the note and given to secure the payment of the loan, was delivered to appellee, and at the time of its execution and delivery to appellee was a first lien upon the lot described therein, which, with the house that had been constructed thereon, had a market value of about $2,600. The appellee did not record the trust deed, which had been delivered to him, and which he admits was in his possession January 25, 1913, until December 9, 1913. In the meantime, another mortgage made by Robert R. Prall and his wife to John Schiller on the 27th day of October, 1913, for the sum of $1,800 was recorded, and thereby became a lien prior to the lien of the trust deed held by appellee.

The original declaration filed was found insufficient on demurrer, and an amended declaration was filed containing four counts, the first count charging appellant with liability on said note as indorser, the second count charging him with liability as accommodation indorser, the third count charging him with liability as guarantor of the note, the fourth count also, in effect, charging appellee with liability as indorser. A demurrer was filed to the amended declaration and sus-

tained by the court; thereupon appellee elected to stand by the second, third and fourth counts of his amended declaration, but took leave to amend the first count, and he amended this count by inserting an allegation to the effect that the note in question was presented to the appellant for payment on the 13th day of October, 1913, and that he notified appellant on the same day that the note had been presented to the makers, Robert R. Prall and Vina, his wife, for payment, and that they had refused to pay the same. Appellant demurred to this amended first count of the amended declaration, but the demurrer was overruled. The appellant then pleaded the general issue and three special pleas. A demurrer was filed by appellee to all the pleas and the court sustained the demurred to all the special pleas and overruled it as to the first plea, which was the general issue, and error is assigned because the court sustained the demurrer to the special pleas.

The second special plea averred that the appellee did not proceed against the makers of the note with due diligence, in the ordinary course of the law to recover a judgment, and by execution to collect the amount due on said note from the makers, and that thereby he forfeited his right to exact payment of the amount due on said note from appellant. It was not a prerequisite that appellee should have first proceeded against the makers, as set forth in the plea. Section 84 of the Negotiable Instruments Act (J. & A. ¶ 7724) provides that "When the instrument is dishonored by non-payment, an immediate right of recourse to all parties secondarily liable thereon accrues to the holder." The demurrer was, therefore, properly sustained to this plea.

The third special plea alleged, as a defense, that the appellee did not present said note to the makers for payment on the day the note became due, and gave no notice of its nonpayment, or dishonor, to the appellee

in writing or orally, on the day it became due, or the day after, nor for a long time thereafter, and that no demand for payment was made on the appellant on said day the note became due, or the day after, nor for a long time thereafter, and that the appellee thereby forfeited his right to demand from appellant the amount of the note. This plea presented for issue matters which were already at issue under the general issue, and the demurrer was therefore properly sustained to this plea.

The first special plea is as follows: "And for the further plea in this behalf, this defendant says, that the plaintiff ought not to have his aforesaid action against him, this defendant, because he says that at the time of the execution of the note sued upon herein, to-wit: On October 12, 1912, the said plaintiff received from the said Robert R. Prall and Vina W. Prall, a trust deed to certain real estate, situated in the City of Freeport, and County of Stephenson, and described as follows, to-wit: Lot Seven (7) of Prall's Sub-division of Lot Ten (10) in Block One (1) of Coates' Addition to the City of Freeport, except the North one hundred fifty (150) feet of said Lot Ten (10); that said trust deed was given to secure the note sued upon herein; that the said real estate so described is, at the reasonable value of $2600.00 a sum much in excess of the amount of the note so sued upon, to-wit: The sum of $1500.00; that the said George Kopf, plaintiff herein, neglected and refused to place the said trust deed of record in the office of the Circuit Clerk of the County of Stephenson and State of Illinois, until the ninth day of December, 1914; that before the said plaintiff placed the said trust deed of record the said Robert R. Prall and wife conveyed the said property to John Schiller by mortgage, in the sum of $1800.00; that the said John Schiller placed the same mortgage of record in the said Recorder's office of Stephenson County, Illinois, on the 27th day of October, 1913, thereby making it a

prior lien to the lien of the trust deed given by the said Robert R. Prall and Vina W. Prall, to secure the note sued on herein; that through the negligence and refusal of the said plaintiff to so place the trust deed of record he lost the security for the said note, except in so far as the same may be a second lien upon the above described real estate; that the security of the said trust deed on the said real estate is ample to secure the whole sum of the said note, and had said trust deed been placed on record in said county, as aforesaid, the said plaintiff could have recovered the full sum of the said note from the security given him by said trust deed upon said real estate; and so the defendant says that by reason of the negligence and refusal of the said plaintiff to place the said trust deed of record, and thereby secure his lien upon the said real estate, the said plaintiff ought not to have his aforesaid action against him, and this the defendant is ready to verify; wherefore he prays judgment if the said plaintiff ought to have his aforesaid action against him, etc.''

This plea contains competent matters of defense. The appellant, when he placed his signature upon the note, incurred the legal obligation of an indorser, and the assumption of this obligation put him in the actual position of surety for the payment of the debt represented by the note; and it is clear that he assumed this obligation on the strength of the assured fact of the trust deed security, which would practically indemnify him against suffering any loss by affixing his signature to the note. He had a right to rely on the benefit of this security, in signing the note, and upon the legal right with which he would become vested if compelled to pay the debt, namely, to become subrogated to the rights of appellee to the security and thus to utilize it in making himself whole. The security embodied in the trust deed was therefore held by appellee not only for his own benefit, but also for the benefit of appellant, and if appellee, by his laches, has deprived

the appellant of the benefit of this security, it is clear that appellant was injured thereby and would have the right to plead the injury suffered, and resulting from such laches or negligence, in defense, against a recovery by appellee on the note to the extent of the injury suffered. This is an equitable principle which has received repeated recognition and is generally enforced in courts of law. (*Heaton v. Hulbert*, 4 Ill. [3 Scam.] 491; *Hall v. Hoxsey*, 84 Ill. 619; *Kirkpatrick v. Howk*, 80 Ill. 126; *Rogers v. Trustees of Schools*, 46 Ill. 431; *Phares v. Barbour*, 49 Ill. 375.)

The matters of defense, however, set up in the plea show only a partial loss of security because of the alleged laches of the appellee, and therefore amount only to a partial defense to the action; but the plea professes to answer the whole of the declaration, and purports to present a defense to the whole of appellee's demand. Pleas of this character are obnoxious to general demurrer. *Dickerson v. Hendryx*, 88 Ill. 66; *People v. McCormack*, 68 Ill. 226; *City of Marshall v. Cleveland, C., C. & St. L. R. Co.*, 80 Ill. App. 531; *Morehead & Yeazel*, 10 Ill. App. 263. A demurrer was therefore properly sustained to this plea.

It is insisted by appellant that the Negotiable Instruments Act fixes the nature of the contract and liability of the appellant which resulted from the signing of his name on the back of the note in question, and therefore that the court erred in admitting evidence of what took place at the time appellant affixed his signature. It is true that evidence of contemporaneous verbal declarations and conversations cannot properly be admitted for the purpose of changing or varying a liability which the law attaches to a writing or contract. This was held in *Johnson v. Glover, infra*, where it was sought to hold the payee, who had indorsed a promissory note, to the liability of guarantor, because he had indorsed the note twice, and it was contended that the latter indorsement was made by him

as a guarantor. The court, in passing on the question raised, says: "Evidence was offered on the trial, and admitted over appellant's objections, that appellant, at the time he sold the note to Carton, agreed to guaranty it, and, for that purpose, wrote his name across the back of the note twice. * * * The general rule is, that the name of the payee appearing on the back of the instrument is evidence that he is an indorser, and proves that he assumed the liability of an indorser, as fully as if the agreement were written out in words. (*Mason v. Burton,* 54 Ill. 349; *Beattie v. Browne,* 64 id. 360; *Courtney et al. v. Hogan,* 93 id. 101.) Parol evidence is no more admissible to contradict or vary this contract than any other written contract. * * * But it is inadmissible to show that the parties intended a different contract than that implied by the law from their acts." (*Johnson v. Glover,* 121 Ill. 283.) To the same effect is *Hately v. Pike,* 162 Ill. 241, where the court again holds that as the contract and liability which arose from the act of indorsing a note, by a payee, was fixed by law as that of an indorser, parol evidence could not properly be admitted to change or vary such liability, and it finally disposes of the question in these words: "Parol evidence was improperly admitted to contradict appellee's contract as indorser and to show that he made a contract as guarantor; and the instructions which authorized the jury to find from such evidence, whether or not appellee put his signature upon the back of the note for the purpose of guaranteeing its payment, were improperly given."

In *Cozzens v. Chicago Hydraulic-Press Brick Co.,* 166 Ill. 213, the court again emphasized that where the legal liability arising from the placing of a signature on the back of a note is that of an indorser, parol evidence is inadmissible to change such liability into that of a guarantor. In this case the appellant by putting his signature on the back of the note in question legally incurred the liability of indorser. (Section 63,

art. V, ch. 98, Revised Statutes, J. & A. ¶ 7702.) Appellant's liability, aside from the statute, under the circumstances presented by the evidence, would have been that of an indorser. (*Bogue v. Melick,* 25 Ill. 91; *Finley v. Green,* 85 Ill. 536; *Blatchford v. Milliken,* 35 Ill. 439; *Chicago Trust & Savings Bank v. Nordgren,* 157 Ill. 667; *Milligan v. Holbrook,* 168 Ill. 343.)

While oral evidence cannot properly be admitted to change or vary the terms of a writing, or a legal liability, such evidence is often competent, in connection with the execution of written instruments. It is competent, for example, to show by oral evidence the execution of a written instrument. (*Morton v. Murray,* 176 Ill. 63.) And oral evidence of what took place at the time of the signing of a written instrument may sometimes be a part of the *res gestæ.* (*Paul v. Berry,* 78 Ill. 161; *Bushnell v. Wood,* 85 Ill. 88.) And such evidence is admissible for the purpose of establishing a trust, in connection with a written instrument, or showing the circumstances under which an indorsement was made, or to prove fraud. (*Johnson v. Glover, supra.*)

In this case, where the only issue presented for trial was the general issue, oral evidence was not competent, and it was error to admit it. The judgment must therefore be reversed and the cause remanded.

*Reversed and remanded.*