## Henry Muntz, Appellant, v. Henry Schmidt, Appellee.

### Gen. No. 6,628.

1. BILLS AND NOTES, § 165*—*when person liable as indorser and not as guarantor.* Under sections 63 and 64 of the Negotiable Instruments Act (J. & A. ¶¶ 7702, 7703), one who places his name on a promissory note without restrictive words before delivery, is liable as an indorser and not as a guarantor, although he had previously promised to guarantee the note.

2. BILLS AND NOTES, § 433*—*when parol evidence inadmissible.* Parol evidence is not competent in an action on a promissory note to show that an accommodation indorser had in fact agreed to become liable as guarantor.

Appeal from the Circuit Court of Kane county; the Hon. CLINTON F. IRWIN, Judge, presiding. Heard in this court at the October term, 1918. Affirmed. Opinion filed April 4, 1919.

JOHN A. RUSSELL and E. E. KENYON, for appellant.

R. S. EGAN, JOHN M. RAYMOND and JOHN K. NEWHALL, for appellee.

MR. JUSTICE NIEHAUS delivered the opinion of the court.

This suit was brought by the appellant, Henry Muntz, in the Circuit Court of Kane county, against the appellee, Henry Schmidt, to recover the amount due on a promissory note for $7,000, made by the Elgin National Brewing Company, payable to the order of the appellant, and indorsed before its delivery to the appellant, by the appellee and Frank A. Goecke. The case was tried by the court without the intervention of a jury, and the finding and judgment of the court was in favor of the appellee, whereupon an appeal was prayed and perfected. The proof shows that on or about April 12, 1911, the appellant loaned the

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Vol. CCXIII 41

Elgin National Brewing Company, of which the appellee was then president, $7,000 upon the promissory note in question, which was dated April 12, 1911, by which the brewing company promised to pay to the order of the appellant the sum of $7,000 twelve months after the date, with 6 per cent interest per annum. Frank A. Goecke and the appellee indorsed the note by placing their signatures on the back thereof without indicating by appropriate words or otherwise their intention to be bound in any other capacity than that of indorsers. The note thus made and indorsed was accepted by the appellant for the $7,000, which he loaned to the brewing company. On the trial the appellant offered to prove by parol evidence that the undertaking of the appellee in indorsing the note in question was that of a guarantor. The parol offered was objected to, but the court allowed the proof offered to be made, subject to the objection. The proof offered and admitted amounts to this: That Mr. Goecke, who was vice president and manager of the brewing company, had several conversations with the appellant concerning a loan of $7,000 which Mr. Goecke wanted the appellant to make to the brewing company; that the appellant finally made up his mind to help the parties out, and on one occasion before the note in question was made went to the office of the brewing company concerning the matter of this loan, and Goecke and Schmidt were both there, and that he then told them that he would loan the money, but would have to have Mr. Schmidt as guarantor, and that Schmidt agreed to it. This was all that occurred upon the occasion in question; afterwards, on April 12, 1911, Goecke came to appellant's office in reference to the loan and presented him the note in question with the signatures on the back, and he accepted the note and gave him a check for $7,000. The note was not paid by the brewing company when it became due, nor at any time after that; no notice of its dishonor was given to the appellee as required by the statute to

hold the appellee, and make him liable as indorser.
No suit was commenced against the appellee until 3
years after the maturity of the note. If the appellee
by placing his signature on the back of the note in
question assumed the obligation of indorser, the ap-
pellant had no right of recovery against him because
he failed to give the statutory notice of the dishonor
of the note; but if the obligation of the appellee was
that of guarantor, such notice was not required. We
are of opinion that the obligation assumed by the ap-
pellee under the facts proven was that of indorser.
Sections 63 and 64 of the Negotiable Instruments Act
(J. & A. ¶¶ 7702, 7703) define the liability incurred by
a party who places his signature upon a promissory
note otherwise than as maker, and expressly provide
that he shall be deemed an indorser unless he clearly
indicates by appropriate words an intention to be
bound in some other capacity. In this case the appel-
lee at the time he placed his signature upon the back
of the instrument did not indicate any intention to be
bound in any other capacity than that of indorser;
and therefore under the statute his liability was that
of an indorser, and the appellant accepted the note
under these conditions. The fact that the appellant
told the appellee upon a previous occasion that he
would not loan the money unless the appellee guar-
anteed the note cannot be regarded as of controlling
importance, in view of the fact that he did actually
loan the money and accept the note without requiring
the appellee to become guarantor. We are of opinion
that the parol evidence offered was not competent and
did not change the liability incurred by the appellee,
in placing his signature on the note under the statute.
Where the law attaches a certain liability to the act of
a party, in placing his signature to a note, such liabil-
ity cannot be changed by parol evidence; and parol
evidence is inadmissible to change the terms of a con-
tract which the law has fixed. *Hately v. Pike*, 162 Ill.
241; *Kopf v. Yordy*, 200 Ill. App. 409; *First Nat. Bank*

*of Arcola v. Heeb,* 188 Ill. App. 194; 8 Corpus Juris, p. 74, secs. 121, 122. The findings of the court therefore that the appellee was an indorser, and as indorser was not liable, were correct; and a judgment was properly rendered for the appellee. The judgment is affirmed.

*Judgment affirmed.*